# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO. 1:09-cv-00205-YNP PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| DERRAL ADAMS, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison-Corcoran ("CSP-Corcoran") in Corcoran, California. Plaintiff is suing under section 1983 for the violation of his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff also alleges state tort claims.[1] Plaintiff names Derral Adams (warden), Marcus Junious (associate warden), K. Da Viaga (captain), J. Callow (lieutenant), A. Baeri (sergeant), A. Valdez (sergeant), I. Buenos (sergeant), B. Lee (correctional officer), S. Ponce (correctional officer), and J. Purvis (correctional officer) as defendants. For the reasons set forth below, Plaintiff will be given the

///

---

[1]The Court refrains from screening Plaintiff's state law claims (Plaintiff's Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Claims for Relief). The Court will screen Plaintiff's federal claims and will defer addressing the sufficiency of Plaintiff's state law claims until this action reaches a point when it is clear that the exercise of supplemental jurisdiction over Plaintiff's state law claims is appropriate.

1

1  opportunity either to file an amended complaint, or to notify the Court of his willingness to proceed
2  only on the claims found to be cognizable in this order.

3  **I.    Screening Requirement**

4      The Court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
10  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
11  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
13  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.
14  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and
15  plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).
16  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
17  grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading
18  standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330
19  n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements
20  of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
21  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

22  **II.    Background**

23      Plaintiff alleges that prison staff are retaliating against him for filing inmate grievances and
24  staff complaints.  (Compl. ¶26.)  Plaintiff alleges that supervisory Defendants (Adams, Junious, Da
25  Viaga, and Callow) "failed to take adequate remedial action to stop the . . . acts of retaliation from
26  occurring and instead created policies for review of inmate grievances that implicitly condoned,
27  authorized, and perpetuated [the] retaliation."  (Compl. ¶ 26.)  Defendants Adams, Junious, Da
28  ///

2

Viaga, and Callow "buried" allegations of staff abuse and misconduct under the doctrine of confidentiality.  (Compl. ¶ 27.)

Plaintiff made numerous written and verbal complaints about prison staff retaliating against Plaintiff by tainting his meals with chemicals.  (Compl. ¶ 28.)  Plaintiff's complaints would be treated as staff complaints and the results of purported investigations were kept confidential.  (Compl. ¶ 29.)  Ultimately, the food tainting did not cease, and in fact had amplified after Plaintiff filed grievances.  (Compl. ¶ 29.)

On May 2, 2008, Plaintiff was ordered to appear in federal court to give testimony in one of his civil lawsuits against prison officials at CSP-Corcoran.  (Compl. ¶ 30.)  Plaintiff alleges that prison staff in the kitchen amplified their retaliatory practices because he was testifying in court.  (Compl. ¶ 31.)  Plaintiff's tainted meals were delivered by Defendants Lee, Ponce, and Purvis.  (Compl. ¶ 31.)  Plaintiff complained to Defendants Lee, Ponce, and Purvis, but was told to write a grievance against the staff that made his meals.  (Compl. ¶ 32.)  Plaintiff alleges that any complaints he would have made would have been buried pursuant to the "shadow-policy" perpetuated by Defendants Adams, Junious, Da Viaga, and Callow to bury Plaintiff's complaints under the guise of "confidentiality".  (Compl. ¶ 33.)

On June 7, 2008, Plaintiff's meal was delivered by Defendants Lee, Ponce, and Purious in inedible condition.  (Compl. ¶ 34.)  Plaintiff's demanded that Defendants Lee, Ponce, and Purious inspect the meal but they refused.  (Compl. ¶ 34.)  Later in the evening, Plaintiff refused to accept his medication from the nurse as a gimmick to force her to contact Defendants Valdez and Buenos.  (Compl. ¶ 35.)  Defendants Valdez, Buenos, and Baer arrived and informed Plaintiff that they were aware that Plaintiff was only refusing medication as an exploit to obtain their attention.  (Compl. ¶ 36.)  Plaintiff was ordered to cuff up and take his meds.  (Compl. ¶ 36.)  Plaintiff submitted to handcuffs.  (Compl. ¶ 37.)  Plaintiff learned that he was going to be escorted to the Acute Care Hospital to receive his drugs intravenously, which Plaintiff believed to be a trick to move Plaintiff to another cell.  (Compl. ¶ 37-38.)  Plaintiff protested by laying on the ground in a prone position and told Defendants that he wanted to take the drugs orally.  (Compl. ¶ 38.)  Defendants Baer, Valdez, and Buenos ordered Plaintiff to go to the hospital.  (Compl. ¶ 39.)  Plaintiff refused and

1   Defendant Valdez ordered Plaintiff to stand and sit in a wheelchair.  (Compl. ¶ 40.)  When Plaintiff

2   refused again, Defendants Valdez, Lee, Ponce, Purvis, Baer and Buenos piled on Plaintiff's back,

3   pummeled him and pepper sprayed him.  (Compl. ¶ 40-41.)  Plaintiff complains that the use of force

4   was unnecessary because the Defendants could have simply lifted Plaintiff and placed him into an

5   electric cart for transport to the hospital.  (Compl. ¶ 42.)

6           After Plaintiff was taken to the hospital and medicated, Defendants Baer, Valdez, and Buenos

7   ordered Defendants Lee, Ponce, and Purvis to place Plaintiff in building 4A4L.  (Compl. ¶ 44.)

8   Plaintiff alleges that he was placed in building 4A4L because he had gang enemies there and that

9   Defendants did so intentionally to endanger Plaintiff's safety.  (Compl. ¶ 46-47.)

10          After Plaintiff was moved to his new cell, he was denied all access to his personal property.

11  (Compl. ¶ 48.)  Plaintiff's property was returned after four days, but he was still missing some legal

12  materials, medical records, toiletries, and stamps.  (Compl. ¶ 48.)  Plaintiff complained about his

13  stolen property but claims that his complaints were suppressed and covered-up.  (Compl. ¶ 49.)

14  Plaintiff alleges Defendant Callow falsified facts regarding the investigation of his complaints.

15  (Compl. ¶ 49-50.)

16          Plaintiff finally claims that Defendants Baer, Valdez, and Buenos ordered that Plaintiff be

17  placed on strip-cell status.  (Compl. ¶ 51.)  Plaintiff was placed in a cell with nothing but a pair of

18  shorts, forced to sleep on a concrete slab, and denied toiletries for three days.  (Compl. ¶ 51.)

19  Plaintiff alleges that he was placed on strip-cell status for retaliatory purposes.  (Compl. ¶ 51-52.)

20  **III.    Discussion**

21      **A.      Eighth Amendment Claim**

22          Plaintiff claims that Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis.  The Eighth

23  Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and

24  idealistic concepts of dignity, civilized standards, humanity and decency.'"  Estelle v. Gamble, 429

25  U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)).  A prison

26  official violates the Eighth Amendment only when two requirements are met: (1) the objective

27  requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834

28  (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that

4

the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### 1.   Use of Excessive Force

Plaintiff alleges that Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis used excessive force to subdue Plaintiff in violation of the Eighth Amendment. Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

///

5

It is apparent that Plaintiff engaged in disobedient behavior in an effort to seek the attention of Defendants Baer, Valdez, and Buenos.  Plaintiff refused to take his medication knowing that the nurse would be obligated to contact Defendants Baer, Valdez, and Buenos.  Defendants Baer, Valdez, and Buenos responded by ordering Plaintiff to go to the hospital to receive his medication intravenously.  Plaintiff was also told that he was going to get a cell-change and lose his cell-mate.  Plaintiff, upon seeing his gimmick backfire, expressed his willingness to take his meds.  Plaintiff was ordered to go to the hospital anyway to receive the meds.  Plaintiff responded by going prone and refused to obey orders to get up and go to the hospital.  Plaintiff was then pummeled and pepper sprayed by Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis.  Plaintiff claims that the use of force was excessive because Defendants could have thrown Plaintiff into a cart and forcefully driven him to the hospital.  Although some use of force against Plaintiff may have been justified in light of his disobedience, Plaintiff has alleged sufficient facts to state a cognizable claim that the amount of force used was excessive.  Plaintiff states a cognizable claim for use of excessive force against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis.

## 2.      Deliberate Indifference to Threats to Safety

Plaintiff claims that Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis endangered Plaintiff by intentionally housing him in a building with known gang enemies. "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff alleges that he was intentionally housed with known gang members in retaliation for filing inmate grievances by Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis.  Plaintiff

///

states a cognizable claim against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for deliberate indifference to a threat to Plaintiff's safety.

**B.    Retaliation Claim**

Plaintiff claims that Defendants retaliated against him because he frequently filed inmate grievances.  In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "[A] viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff alleges that Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis pummeled and pepper sprayed Plaintiff because he filed inmate grievances and lawsuits.  Plaintiff also alleges that Defendants Baer, Valdez, and Buenos placed Plaintiff on strip-cell status and housed him with known gang enemies because of his litigious behavior.  Although Plaintiff does not specifically allege a chilling effect, the Ninth Circuit has suggested that alleging harm is sufficient "since harm that is more than minimal will almost always have a chilling effect."  Rhodes v. Robinson, 408 F.3d 559, 568 n.11 (9th Cir. 2005).  Plaintiff states a cognizable retaliation claim against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis.

**C.    Fourteenth Amendment Claim**

Plaintiff alleges that Defendants violated Plaintiff's "right to personal security interest in violation of . . . the Fourteenth Amendment".  (Compl. ¶ 63.)  "[W]here a particular amendment provides  and explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir.

1    1996) (citations, internal quotations, and brackets omitted).  Since Plaintiff's "personal security

2    interest" in this case finds an explicit textual source of constitutional protection in the Eighth

3    Amendment, Plaintiff's claims should go forward as Eighth Amendment claims, not Fourteenth

4    Amendment claims.

5             **D.**      **Claims Against Supervisory Defendants**

6         Plaintiff alleges that Defendants Adams, Junious, Da Viaga, and Callow failed to take

7    remedial action to prevent their subordinates from violating Plaintiff's constitutional rights.

8    Supervisory personnel are generally not liable under section 1983 for the actions of their employees

9    under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisory

10    position, the causal link between him and the claimed constitutional violation must be specifically

11    alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438,

12    441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979).  To state a claim for relief under section 1983

13    based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim

14    that supervisory defendants either: personally participated in the alleged deprivation of constitutional

15    rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a

16    policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving

17    force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal

18    citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

19         Plaintiff alleges that supervisory Defendants promulgate a policy of "burying" allegations

20    of staff abuse and misconduct by failing to take adequate remedial action in response to staff

21    complaints.  Plaintiff does not allege that he made complaints to supervisory Defendants regarding

22    the specific injury that he suffered in this action (getting pummeled and pepper sprayed, being placed

23    in a strip-cell, or having his property stolen).  Nor is it clear if Plaintiff made complaints regarding

24    the conduct of the specific Defendants in this suit.  Plaintiff's claim is not that supervisory

25    Defendants were made aware of a specific threat of harm and failed to prevent it, but that supervisory

26    Defendants have a policy of failing to take adequate remedial action with respect to all complaints

27    of staff misconduct.  Prison staff are thus free to violate prisoners' constitutional rights without fear

28    of supervisory discipline.  Plaintiff argues that supervisory Defendants are therefore liable because

their failure to adequately discipline prison staff places Plaintiff at risk of harm inflicted by an undisciplined prison staff.  In other words, Defendants Adams, Junious, Da Viaga, and Callow are liable for exposing Plaintiff to a general risk of harm from an undisciplined prison staff.

The fact that CDCR officials conceded that Defendants violated CDCR policy shows that some review of staff complaints takes place.  Plaintiff received a staff complaint response that conceded that "the duly designated officers of the CDCR conceded that Defendants' actions on June 7, 2008 did violate CDCR policy." (Compl. ¶ 52.)  Plaintiff believes that supervisory Defendants do not have to take adequate remedial action in response to staff complaints because the results of staff complaint investigations are kept confidential.  Plaintiff also alleges that the response by supervisory Defendants must be insufficient because he has made numerous staff complaints and prison staff continue to retaliate against him.  Liberally construed, Plaintiff states a cognizable claim against Defendants Adams, Junious, Da Viaga, and Callow for violation Plaintiff's rights under the Eighth Amendment by exposing him to a risk of serious harm.

However, Plaintiff does not state a cognizable retaliation claim against supervisory Defendants.  In order to state a cognizable retaliation claim, Plaintiff must allege that supervisory Defendants promulgated the unconstitutional policy because of Plaintiff's exercise of his constitutional rights.  Plaintiff alleges that supervisory Defendants promulgated a systematic, unconstitutional policy that placed all inmates at risk of of harm from undisciplined prison staff.  The facts do not show that the policy specifically targeted Plaintiff for his exercise of his constitutional rights.  Therefore, Plaintiff fails to state a cognizable retaliation claim against Defendants Adams, Junious, Da Viaga, and Callow.

## IV.    Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for use of excessive force and deliberate indifference to a threat to safety in violation of the Eighth Amendment and for retaliating against Plaintiff for exercising his rights under the First Amendment.  Plaintiff's complaint also states cognizable claims against Defendants Adams, Junious, Da Viaga, and Callow for deliberate indifference to a threat to Plaintiff's safety in violation of the Eighth Amendment.  Plaintiff's complaint fails to state any other federal claims against any

other defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff ten (10) summonses and ten (10) USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, No. 07-1015, 2009 U.S. LEXIS 3472, 2009 WL 1361536, *28 (U.S. May 18, 2009). (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u> at *29 (citing <u>Twombly</u>, 550 U.S. at 556).

///

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.   Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

a.   File an amended complaint curing the deficiencies identified by the Court in this order, or

b.   Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for use of excessive force, deliberate indifference to a threat to Plaintiff's safety, and retaliation, and against Defendants Adams, Junious, Da Viaga, and Callow for deliberate indifference to a threat to Plaintiff's safety; and

3.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   __**June 17, 2009**__       _____/s/ **Gary S. Austin**_____
                                                        UNITED STATES MAGISTRATE JUDGE