1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  BARRY LOUIS LAMON,                        CASE NO. 1:09-cv-00205-LJO-SKO PC

10              Plaintiff,                   ORDER RE MOTIONS

11      v.                                   (Doc. 28, 29, 31)

12  DERRAL G. ADAMS, et al.,

13              Defendants.
    _____/

14

15      Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma

16  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court are three motions

17  from Plaintiff.  On January 19, 2010, Plaintiff filed a motion for a 45-day extension of time to

18  respond to Defendants' discovery requests.  (Doc. #28.)  Plaintiff filed a second motion seeking a

19  45-day extension of time on February 16, 2010.  (Doc. #31.)  On January 19, 2010, Plaintiff filed a

20  motion seeking modification of the scheduling and discovery order, or alternatively a 90-day stay

21  of these proceedings.

22      **A.      Extension of Time to Respond to Defendants' Discovery Requests**

23      Plaintiff seeks a 45-day extension of time to respond to Defendants' discovery requests.

24  Plaintiff states that he cannot meet the present deadline for filing responses because he was

25  transferred to another prison to attend a trial and does not have access to the relevant records for this

26  case.  Good cause having been demonstrated, the Court will grant Plaintiff's motion for an extension

27  of time.  Plaintiff will be granted an extension of time to and including June 11, 2010 to complete

28  and serve his responses to Defendants' discovery requests.

1      **B.      Modification of Scheduling and Discovery Order/Stay**

2          Plaintiff seeks a modification of the scheduling order or a stay of this action because he was

3   transferred to a different prison to attend a civil trial that was scheduled to last through March 29,

4   2010.  Plaintiff states that he was unable to bring the records and files relevant to this case and

5   cannot meaningfully prosecute this action while he attended the trial.

6          Federal Rule of Civil Procedure 16(b) provides that a scheduling order can only be modified

7   for good cause.  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

8   seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.

9   1992).  The schedule may be modified if it cannot reasonably be met despite the diligence of the

10  party seeking the extension.  Id. (quoting Fed. R. Civ. P. 16 advisory committee's notes).

11         "The District Court has broad discretion to stay proceedings as an incident to its power to

12  control its own docket."  Clinton v. Jones, 520 U.S. 681, 707 (1997) (citing Landis v. North

13  American Co., 299 U.S. 248, 254 (1936)).  "The proponent of the stay bears the burden of

14  establishing its need."  Id. at 706.  The Court considers the following factors when ruling on a

15  request to stay proceedings:  (1) the possible damage which may result from the granting of a stay,

16  (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the

17  orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and

18  questions of law which could be expected to result from a stay.  Filtrol Corp. v. Kelleher, 467 F.2d

19  242, 244 (9th Cir. 1972) (quoting CMAX, Inc. V. Hall,300 F.2d 265, 268 (9th Cir. 1962)).

20         The Court finds that any further extension of time or stay of this action is premature.  Plaintiff

21  has requested an extension of time to respond to Defendants' discovery requests and the Court will

22  grant that request.  Plaintiff has not demonstrated good cause to extend any other deadlines.

23  Although the deadline for amending th pleadings has already passed, plaintiff has not expressed any

24  intention to amend any pleadings.  Plaintiff has also not demonstrated an inability to meet any other

25  deadlines.  The deadline for completion of discovery is on June 27, 2010, and the deadline for filing

26  pre-trial dispositive motions is on September 7, 2010.  The trial to which Plaintiff refers was

27  scheduled to end on March 29, 2010 before the deadlines in this action, and it is not yet clear that

28  Plaintiff will be unable to meet the existing deadlines.  Therefore, the Court will deny Plaintiff's

motion without prejudice.  Plaintiff may re-file motions requesting an extension of time as those deadlines become imminent.

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's requests for an extension of time to respond to Defendants' discovery requests, filed on January 19, 2010 and February 16, 2010, is GRANTED; and

2.     Plaintiff's request to modify the scheduling order and/or to stay this action for 90 days is DENIED.

IT IS SO ORDERED.

**Dated:    May 3, 2010**                          _____/s/ Sheila K. Oberto_____
                                                    UNITED STATES MAGISTRATE JUDGE