# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BARRY LOUIS LAMON,                              CASE NO. 1:09-cv-00205-LJO-SKO PC

         Plaintiff,                                ORDER

    v.

DERRAL ADAMS, et al.,

         Defendants.
_____/

      Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 26, 2010, Plaintiff filed a motion to "augment" his previous motion to compel. (Doc. #43.) Plaintiff's motion requests the Court to order Defendants to provide Plaintiff with a transcript of his deposition testimony so that he may review it pursuant to Federal Rule of Civil Procedure 30(e) for any necessary changes.

      It is unclear why Plaintiff's motion is styled as a motion to "augment" his prior motion to compel. Plaintiff's prior motion to compel does not discuss any issues related to his deposition transcript. Plaintiff's deposition occurred after Plaintiff filed his motion to compel. The Court notes that Plaintiff's motion may be styled as a motion to "augment" his previous motion to compel because it would otherwise be disregarded as untimely. Plaintiff is advised that he may not circumvent the deadline for filing motions to compel by styling a late motion to compel as a motion to "augment" a pending motion to compel that was timely filed. However, the Court also notes that Plaintiff's motion to "augment" his motion to compel is not actually a motion to compel under Rule 37 because it is unrelated to any discovery requests or responses. Thus, the deadline for filing

1

1  motions to compel would not have any bearing on whether Plaintiff's request for a deposition
2  transcript was timely.

3  Further, the Court notes that Plaintiff's motion to "augment" his motion to compel was not
4  properly served on Defendants and as a result, Defendants have not filed an opposition to the motion.
5  Plaintiff claims that he does not have access to the law library and cannot make copies so he was
6  unable to make a copy of his motion to serve on Defendants. Plaintiff requests that his failure to
7  properly serve his motion pursuant to Federal Rule of Civil Procedure 5 be excused and that the
8  Court serve the motion on Defendants on Plaintiff's behalf. Plaintiff is advised that the Court will
9  not serve Plaintiff's filings for him. Plaintiff is further advised that if he does not have access to a
10 copy machine, he may make handwritten copies of his filings for the purpose of serving other parties
11 so long as he notifies the served parties that the copies were transcribed by hand.

12 Despite the procedural deficiencies in Plaintiff's motion, the Court will order Defendants to
13 provide a response. It is unclear whether Plaintiff has received the deposition transcripts he
14 requested because Plaintiff did not provide Defendants with sufficient time to respond to his request.
15 Plaintiff requested the transcript on July 6, 2010, and only waited fifteen days for a response before
16 filing the pending motion. Defendants have not filed an opposition to Plaintiff's motion and there
17 have been no other filings related to the motion. Accordingly, the Court will order Defendants to
18 inform the Court whether they provided Plaintiff with the requested transcript. If Defendants have
19 not provided Plaintiff with the requested transcript, Defendants shall file an opposition to Plaintiff's
20 motion requesting a transcript.

21 Accordingly, it is HEREBY ORDERED that within twenty (20) days of the date of service
22 of this order, Defendants shall inform the Court whether they have provided Plaintiff with a
23 transcript of his deposition, or file an opposition to Plaintiff's motion requesting the transcript.

25 IT IS SO ORDERED.

26 **Dated:   November 1, 2010**             /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE