# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO. 1:09-cv-00205-LJO-SKO PC |
| Plaintiff, | ORDER RE MOTION |
| v. | (Doc. 43) |
| DERRAL ADAMS, et al., | |
| Defendants. | |

Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 26, 2010, Plaintiff filed a document with the Court styled as a request to "augment" a previous motion to compel.[1] (Doc. #37.) Plaintiff's request indicated that Plaintiff requested that Defendants provide him with a copy of his June 25, 2010, deposition transcript to enable Plaintiff to check the transcript for inaccuracies or mistakes.

On November 2, 2010, the Court ordered Defendants to inform the Court whether Plaintiff was provided with a copy of his transcript. (Doc. #56.)

On November 18, 2010, Defendants informed the Court that the court reporter sent Plaintiff a copy of the original transcript on July 23, 2010. Plaintiff was informed of his right to order a copy of the transcript from the court reporter. Defendants further indicated that they have not received a copy of the original transcript from the court reporter because the court reporter sent the original

---

[1] Inexplicably, the request is unrelated to any previous motion to compel, despite being framed as a request to "augment" his motion to compel.

1

to Plaintiff and Plaintiff did not return it. (Doc. #58.) Defendants submitted a declaration from the court reporter stating that she had sent Plaintiff the original transcript and Plaintiff returned a copy of the original.

On December 6, 2010, Plaintiff replied to Defendants' notice. (Doc. #61.) Plaintiff acknowledges that he received a copy of the transcript from the court reporter, but contends that the copy he received was not the original. Plaintiff acknowledges making a copy of the transcript he received from the court reporter. Plaintiff contends that the envelope containing the transcript was tampered with and "there was no intent to do wrong by [Plaintiff]." (Pl.'s Reply to Def.'s Response to Court's Order 2, ECF No. 61.)

Plaintiff now contends that the transcript he received had a "do not copy" warning on it and Plaintiff believes that the warning "legally precludes me from admitting any portion of the transcript as evidence without first paying her a fee, but does not preclude me from merely retaining a copy to personally verify if she . . . made the indicated corrections (of mines) or even if the Defendant's Counsel inaccurately states or argues portions of that record." (Pl.'s Reply 2, ECF No. 61.) The issue regarding the admissibility of Plaintiff's unauthorized copy of his deposition transcript is not fully briefed before this Court and the Court will therefore decline to comment on the accuracy of Plaintiff's concerns.[2]

Plaintiff requests the Court to order Defendants to provide Plaintiff with a free copy of the transcript so Plaintiff can introduce portions of it into evidence if required. Alternatively, Plaintiff requests a copy of the transcript at the government's expense because he is proceeding in forma pauperis. The Court is unaware of any statutes or other legal authority that require Defendants to furnish a copy of the deposition transcript to Plaintiff or permit the Court to provide Plaintiff with a copy at the government's expense.

Federal Rule of Civil Procedure 30(f)(3) states: "When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent." Accordingly, the

---

[2] The Court is puzzled by Plaintiff's concerns as Plaintiff's deposition transcript contains his own statements. If Plaintiff wishes to submit his own statements as evidence, he may draft a declaration or testify in court. Plaintiff may also submit a declaration or testify as to what he said in his deposition. Given these options, a copy of the transcript seems to be superfluous.

1  Court will not order Defendants to provide Plaintiff with a copy of the transcript without the payment
2  of reasonable charges, nor will the Court provide a copy to Plaintiff without such payment.
3       Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion requesting a copy
4  of his deposition transcript is DENIED.

6  IT IS SO ORDERED.

7  **Dated:     January 14, 2011**                                /s/ Sheila K. Oberto
                                                                  UNITED STATES MAGISTRATE JUDGE