1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BARRY LOUIS LAMON,                              CASE NO. 1:09-cv-00205-LJO-SKO PC

                     Plaintiff,                 ORDER DENYING MOTION

         v.                                     (Doc. 37)

DERRAL ADAMS, et al.,                                              and

                     Defendants.                ORDER TO SHOW CAUSE WHY DEFENDANT
                                                DIVIAGA SHOULD NOT BE DISMISSED

                                                SHOW CAUSE RESPONSE DUE WITHIN 30
                                                DAYS

_____/

        Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma

pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 4, 2010, Plaintiff filed a

motion titled "Plaintiff's Rule 56, Fed. R. Civ. P. Motion for Summary Judgment Against Defendant

K. DiViaga."  (Doc. #37.)  Although Plaintiff's motion is titled as a motion for summary judgment,

it is in substance a motion requesting entry of default.

        Plaintiff argues that judgment should be entered against Defendant DiViaga because

"Defendant DiViaga has been served . . . and, without explaination[sic], has failed to timely file a

Answer to the Complaint against him."  (Pl.'s Rule 56, Fed. R. Civ. P. Mot. for Summ. J. Against

Def. K. DiViaga 2, ECF No. 37.)

        Judgment against parties who failed to plead or otherwise defend is obtained through the

process outlined in Federal Rule of Civil Procedure 55, not Rule 56.  Rule 55(a) states:

              When a party against whom a judgment for affirmative relief is
              sought has failed to plead or otherwise defend, and that failure is
              shown by affidavit or otherwise, the clerk must enter the party's
              default.

                                           1

Federal Rule of Civil Procedure 55(a). Accordingly, Plaintiff's motion will be construed as a motion requesting entry of default against Defendant DiViaga, not as a motion requesting summary judgment.

Plaintiff claims that he received a notice of service of process from U.S. Marshal Carol Griffin indicating that DiViaga has been served on January 30, 2010. The "Process Receipt and Return" form from the U.S. Marshal attached to Plaintiff's motion indicates that Defendant DiViaga was <u>not</u> served. The form indicates that the U.S. Marshal was "unable to locate the individual . . . named above." (Pl.'s Mot., Appendix #01, ECF No. 37.) The Court received the same form on October 23, 2010. (Doc. #16.) Defendant DiViaga has not been served and has not made an appearance in this action.

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, the Court will deny Plaintiff's motion and order Plaintiff to show cause why Defendant DiViaga should not be dismissed from this action.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's June 4, 2010 motion is DENIED; and

2.    Plaintiff shall SHOW CAUSE within thirty (30) days of the date of service of this order why Defendant DiViaga should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

**Plaintiff is forewarned that the failure to show cause within thirty (30) days will result in the dismissal of all claims against Defendant DiViaga.**

IT IS SO ORDERED.

**Dated:    January 14, 2011**              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE