# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>          Plaintiff,<br><br>     v.<br><br>DERRAL ADAMS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:09-cv-00205-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTIONS REQUESTING INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 44, 45)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

     Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court are two motions from Plaintiff styled as motions "for a[sic] order of protection."  (Docs. #44-45.)  Plaintiff requests an "order of protection to releive[sic] Plaintiff from the amplified Pattern of retaliation the defendants and the agents of the Defendants are currently subjecting Plaintiff to."  (Pl.'s Mot. for a Order of Protection 1, ECF No. 44.)

     Plaintiff's motions describe harassment Plaintiff experienced from numerous correctional officers.  Plaintiff claims correctional officers tainted and decreased his meals, placed Plaintiff in a holding cage, and destroyed his legal property.  Plaintiff states that he is "strip-celled" and on property restriction.  Plaintiff states that he does not have access to his legal work.

     Plaintiff requests an "order of protection," a fifteen (15) day extension of all deadlines in this case, and a court order requiring the Clerk to contact the litigation coordinator at Plaintiff's prison to release Plaintiff's legal property.

1    The Court will recommend that Plaintiff's request for a universal deadline extension be
2 denied. Plaintiff may file individual requests for extensions of time for deadlines he cannot meet
3 which must demonstrate good cause. The Court will not issue an order preemptively providing
4 Plaintiff with extensions for all deadlines in the future.

5    Plaintiff's remaining requests will be construed as requests for preliminary injunctive relief.
6 Plaintiff requests an "order of protection" and requests the Court to order the litigation coordinator
7 to release all of Plaintiff's legal materials.

8    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities
9 so heavily favors the moving party that justice requires the court to intervene to secure the positions
10 until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S.
11 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to
12 succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
13 that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter
14 v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

15    "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
16 granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v.
17 Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A
18 party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by
19 evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order,
20 the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

25 18 U.S.C. § 3626(a)(2).

26    Plaintiff has only described past incidents of harassments and has failed to identify what
27 specific relief an "order of protection" would entail. The purpose of a preliminary injunction is to
28 preserve the status quo and prevent future irreparable harm. The only future harm identified by

Plaintiff is the hypothetical prejudice caused by the lack of access to his legal work. To obtain relief, Plaintiff must identify a specific threat of future irreparable harm and request relief that is narrowly tailored to correct that harm. The Court will not issue an "order of protection" when it is unclear what such an order would entail, what threat of future irreparable harm would be prevented, or how the "order of protection" would prevent that harm.

Plaintiff requests the Court to order the Clerk to call the Corcoran Prison Litigation Coordinator and instruct the official to provide Plaintiff with access to his legal files. However, the relief sought is against prison officials who are not parties to this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983). Federal Rule of Civil Procedure 65(d)(2) states that an order granting preliminary injunctive relief only binds the parties, the parties' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the aforementioned persons. There is no suggestion that the litigation coordinator at Corcoran is an officer, agent, servant, employee, or attorney for any of the defendants in this action and there is no evidence or allegation that the litigation coordinator is acting in concert with any defendant. Accordingly, the Court has no authority to issue an order directing the litigation coordinator to return Plaintiff's property to him.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

1  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  IT IS SO ORDERED.

4  **Dated:     January 14, 2011**                    /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE