# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO. 1:09-cv-00205-LJO-SKO PC |
| Plaintiff, | ORDER RE MOTION |
| v. | (Doc. 67) |
| DERRAL ADAMS, et al., | |
| Defendants. | |

Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 22, 2010, Plaintiff filed a motion "for a Judgment of Default Based on Defendant's Deliberate Failure to Provide Court-Ordered Discovery." (Doc. #67.) Defendants filed an opposition to Plaintiff's motion on January 10, 2011. (Doc. #73.) For the reasons set forth below, the Court will deny Plaintiff's motion.

**I.    Background**

The discovery dispute before the Court stems from a motion to compel filed by Plaintiff on June 9, 2010. (Doc. #39.) The Court partially granted Plaintiff's motion on November 2, 2010. (Doc. #55.) The Court ordered Defendant Adams to provide a further response to Plaintiff's Request for Production of Documents Nos. 1, 7 and 8 and Plaintiff's Requests for Admissions Nos. 9 and 14.

Plaintiff filed the pending motion on December 22, 2010. Plaintiff contends that Defendants failed to comply with the Court's order. Plaintiff's motion is titled as a motion seeking "judgment of default" against all the defendants remaining in this action, despite the fact that the discovery dispute only concerns Defendant Adams. Plaintiff's motion requests no other relief. The final page

of Plaintiff's motion states: "Plaintiff respectfully requests that this Court issue the following sanctions against Defendant Adams, and/or his Counsel, for the willful and unsubstantially justified failure to participate with good-faith in the discovery process." (Pl. Barry Louis Lamon's Notice and Mot. for a Judgment of Default Based on Def.'s Deliberate Failure to Provide Court-Ordered Discovery 16, ECF No. 67.) The remainder of the page is blank, suggesting that Plaintiff sent the Court an incomplete draft of his motion.

**II.    Discussion**

    **A.    Default Judgment**

Plaintiff requests sanctions against Defendant Adams for deliberately failing to obey the Court's November 2, 2010, order partially granting Plaintiff's motion to compel. Specifically, Plaintiff seeks default judgment against Defendant. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi), a court may render a default judgment against a party who fails to obey a discovery order. However, for the reasons set forth below, the Court finds that Defendant did not fail to obey a discovery order. Accordingly, Plaintiff's request for default judgment will be denied.

    **B.    Request for Production of Documents No. 1**

Plaintiff's Request for Production of Documents No. 1 states:

> Any and all grievances, complaints, or other documents received by the defendants or their agents at Corcoran concerning an allegation of unnecessary and/or excessive use of force on inmates by Defendants Adams, Junious, Callow, Lee, Ponce, Purvis, Baeri, Valdez, or Buenos and any memoranda, investigative files, or other documents created in response to such documents, since June 21, 2003.

The Court ordered Defendant Adams to provide a supplemental response after overruling Defendant's objection that the request was overly burdensome. The Court determined that the request was relevant to prove Plaintiff's allegation that the supervisory defendants in this action were aware that the subordinate defendants posed a serious threat to Plaintiff's safety.

Plaintiff argues that Defendant Adams only provided a single "Internal Affairs Investigation Request and Report" in response to Plaintiff's request. Adams also provided a privilege log.[1]

---

[1] Defendants argue that the privilege log only relates to documents withheld in response to Plaintiff's Request for Production of Documents No. 7, and is unrelated to this request.

2

1  Plaintiff's arguments challenging Defendant's disclosure are rambling and inflammatory. Plaintiff
2  states that Defendant's counsel "has attempted to insult the intelligence of both the Court and
3  Plaintiff by basing her flagrant defiance of the Court's order . . . on the assertion of privilege." (Mot.
4  for a Judgment of Default 5-6, ECF No. 67.)  Plaintiff claims that it "is rudely-apparent as the
5  poppycock sham-excuse it is when one merely reviews the undisputed facts." (Mot. for a Judgment
6  of Default 6, ECF No. 67.) Plaintiff argues "wow, we've already had this discovery fight" and "[i]t,
7  therefore, makes no reasonable sense for a trained professional lawyer to believe that any such
8  response is appropriate at this point." (Mot. for a Judgment of Default 6, ECF No. 67.) Plaintiff
9  further argues that the Court "should attach the slightest amount of credibility to [Defendant's]
10 privilege log and . . . contention that the report concerning the events on which this case actually
11 rests, are, or should be, in some way privileged! Wow! Really?!" (Mot. for Judgment of Default
12 6, ECF No. 67.)  Plaintiff goes on the describe the prejudice caused by Defendant's deficient
13 response.

14    Defendant argues that his response was appropriate.  Counsel for Defendant states that a
15 request was sent to the California Department of Corrections and Rehabilitation ("CDCR") for the
16 documents responsive to Plaintiff's request. CDCR responded with the Internal Affairs Investigation
17 Request and Report that was provided to Plaintiff.  Defendant also sent Plaintiff a supplemental
18 response identifying state court lawsuits involving Defendant Adams.

19    Defendant indicates that he did not withhold any documents based on the assertion of any
20 privilege.  Therefore, Plaintiff's arguments regarding the applicability of any privileges will be
21 disregarded.

22    Plaintiff's motion does not offer any arguments specifically explaining how Defendant's
23 supplemental responses were deficient. Plaintiff only offers inflammatory expressions of disbelief
24 regarding whether the Internal Affairs Investigation Request and Report was the only document
25 responsive to Plaintiff's request. To the extent that Plaintiff believes that Defendant is withholding
26 documents responsive to his request, it is Plaintiff's burden to prove that Defendant's response was
27 inadequate. Plaintiff cannot carry his burden by merely exclaiming "Wow! Really?!" Plaintiff has
28 failed to identify any documents that Defendant improperly withheld from him. If Plaintiff is able

3

to come forth with evidence that Defendant withheld certain documents responsive to Plaintiff's request, the Court will consider the issuance of sanctions. As Plaintiff has not come forth with any such evidence, the Court will take no further action with respect to Plaintiff's request.

The Court further finds that Defendant is not obligated to undertake the burden of identifying and retrieving public records that are responsive to Plaintiff's request. Defendant supplemented his response after Plaintiff suggested that the reference to "complaints" in his request should be interpreted to encompass complaints filed in lawsuits. Pursuant to Federal Rule of Civil Procedure 26(b)(2)(C), the Court may limit the frequency or extent of discovery otherwise allowed if the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the burden imposed by the discovery outweighs its likely benefit considering the parties' resources. The Court finds that Plaintiff's document production requests are unduly burdensome to the extent that they request complaints filed in civil actions against Defendant Adams because the documents requested are equally available to Plaintiff. The court filings are public records that can be searched and retrieved by Plaintiff. Plaintiff can either retrieve the court documents himself, or hire someone else to retrieve them. Plaintiff has failed to offer any persuasive arguments why the cost and burden of retrieving the court documents should be shifted to Defendant. Accordingly, the Court will not order Defendant to provide a further response to Plaintiff's request.

### C. Request for Production No. 7

Plaintiff's Request for Production No. 7 states:

> Any and all documents created by any CDCR and/or Corcoran staff member from June 7, 2008 to the date of your response, concerning the plaintiff's staff complaint log. No. 08-3268, and 08-3746, and not included in requests No. 1-6 of this request.

The Court overruled Defendants' objections regarding the breadth of the documents and ordered Defendants to produce the documents requested. The Court also ordered Defendants to produce a privilege log if documents are withheld pursuant to the attorney-client privilege.

Plaintiff contends that the arguments he raised with respect to Request for Production No. 1 are sufficient to demonstrate that Defendants should be sanctioned for failing to comply with the court order directing them to produce the documents requested. As discussed above, Plaintiff's

4

arguments were rambling and inflammatory. Plaintiff fails to clearly demonstrate how Defendants' response was deficient, or how their assertion of the attorney-client privilege was improper.

Plaintiff also argues that Defendants' counsel "admits to having simply re-mailed to [Plaintiff] copies of the same redacted-copies of the reportedly non-existent Unit Isolation Log." (Mot. for Judgment of Default 9, ECF No. 67.) Plaintiff argues that the documents produced are useless because they were redacted and were "lightened copies" of the originals. Plaintiff contends that the fact that Defendants' responses were dated December 1, 2010, is somehow indicative of bad faith because they were sent one day after the Court informed Plaintiff that he would not receive any further extensions of time to file a motion for summary judgment. Plaintiff also contends that a "T. Cano" authored a declaration that informed Plaintiff that he would not be provided with inmate grievances because it is against prison policy. Plaintiff argues that Cano does not have the rank or authority to defy a court order.

Defendants argue that the "lightened" copies of the logs sent to Plaintiff were served in response for Request for Production No. 8, not Request for Production No. 7. Defendants state that lightened copies of the redacted isolation logs were provided to Plaintiff because Defendants were still in the process of obtaining un-redacted copies of the isolation logs. The lightened copies of the redacted logs allowed most of the inmates' names and CDCR numbers to be read. Plaintiff was informed that un-redacted copies would be sent to Plaintiff as soon as they were received.

Defendants contend that Plaintiff's arguments with respect to Cano's rank or authority lack merit.[2] Plaintiff has failed to establish that the attorney-client privilege or official information privilege is not applicable in this case. Plaintiff's arguments regarding the timing of Defendants' responses and his remaining arguments regarding Request for Production No. 7 are similarly not persuasive.

Plaintiff has failed to present a legally sound argument to challenge Defendants' privilege claim and Defendants have indicated that they intend to send Plaintiff un-redacted copies of the logs. Accordingly, the Court will not issue sanctions against Defendants regarding Request for Production

---

[2] Cano sent Plaintiff a declaration in support of the privilege log.

5

No. 7.

**D.      Requests for Admission Nos. 12 and 14**

1.      Request for Admission No. 12

Plaintiff's Request for Admission No. 12 states:

> When the Plaintiff was moved to cell 4A4L-64 on June 7, 2008, Plaintiff's cellmate was allowed to remain in cell 4A4R-06.

Defendant Adams' responded to the request by indicating that he lacked the knowledge and information to either admit or deny the truth of the statement. When the Court ruled on the motion to compel, Defendant Adams indicated that he would request further information regarding Plaintiff's cellmate and provide a supplemental response. The Court did not compel any further response from Defendant Adams. Defendant has since admitted this request. The Court is satisfied with Defendant's response. Plaintiff has failed to submit any persuasive evidence that Defendant deliberately failed to supplement his prior response in a timely fashion. The Court will not take any further action with respect to Request for Admission No. 12.

2.      Request for Admission No. 14

Plaintiff's Request for Admission No. 14 states:

> Plaintiff's cellmate who was allowed to remain in cell 4A4R-06 on June 7, 2008, was not a "gasser" and did not have any other case factors that required the defendants to leave him in cell 4A4R-06.

The Court overruled Defendant's objection that the request invaded Plaintiff's cellmate's privacy and ordered Defendant to admit or deny whether there was any legitimate penological purposes for keeping Plaintiff's cellmate in 4A4R-06 instead of transferring him to another cell.

Defendant's supplemental response to Plaintiff's Request for Admission No. 14 states:

> Objection. Compound. This request also seeks information which could invade plaintiff's cellmate's right to privacy. Additionally, this request seeks information not likely to lead to the discovery of admissible evidence. Without waiving these objections, responding party answers as follows: Admit in part, deny in part. Admit that plaintiff's cellmate was not a gasser, but deny that there were not other legitimate factors for allowing the cellmate to remain in the cell after plaintiff had been removed.

Plaintiff argues that Defendant's supplemental response is insufficient because "Defendant

1  Adams failed to describe the nature of the information not produced in a manner that enables me to
2  assess the applicability of the asserted privilege." (Mot. for Judgment of Default 13, ECF No. 67.)
3  Defendant argues that he has no obligation to describe the nature of the information relied upon to
4  respond to Plaintiff's request for admission.

5      Federal Rule of Civil Procedure 36(a)(4) states:

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

10  Here, Defendant Adams admitted that Plaintiff's cellmate was not a gasser and denied that there
11  were no legitimate penological reasons for allowing Plaintiff's cellmate to remain in the cell while
12  Plaintiff was removed.  Thus, Defendant Adams' response responded to the request.

13      Plaintiff contends that Defendant Adams should be required to explain in detail what
14  legitimate penological reasons existed for keeping Plaintiff's cellmate in the cell while Plaintiff was
15  removed. However, Rule 36 does not require Defendant to explain in detail why a matter is admitted
16  or denied. An interrogatory or deposition is the appropriate avenue for exploring the precise reasons
17  why Plaintiff's cellmate was allowed to remain in the cell while Plaintiff was moved. The Court will
18  not require Defendant to further respond to Request for Admission No 14.

### III. Conclusion and Order

20      The Court finds that Defendant's supplemental responses to Plaintiff's discovery requests
21  complied with the November 2, 2010, court order.  Accordingly, the Court declines to impose
22  sanctions.

23      Based on the foregoing, Plaintiff's request for sanctions against Defendant Adams is
24  DENIED.

26  IT IS SO ORDERED.

27  **Dated:   February 1, 2011**              /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE