# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO. 1:09-cv-00205-LJO-SMS PC |
| Plaintiff, | ORDER OVERRULING OBJECTIONS AND DENYING MOTION FOR RECONSIDERATION |
| v. | |
| ADAMS, et al., | (Doc. 113) |
| Defendants. | |

Plaintiff, Barry Louis Lamon (hereinafter "Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 2, 2009. On May 12, 2011, Plaintiff filed objections to the Magistrate Judge's Order Following Telephonic Status Conference. (Doc. 113.) Plaintiff's objections are construed as a motion for reconsideration.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of

the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, commission of clear error, or an intervening change of law to support his motion. Plaintiff's mere disagreement with the Court's ruling, which is all that is shown in the instant motion, is not grounds for reconsideration.

Despite the fact that Plaintiff is unhappy with the consequences, the Order Following Status Conference falls well within the Court's inherent powers to manage its docket and to most efficiently utilize limited resources.[1] The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A(a), and must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Accordingly, screening and re-screening that may result in dismissal of claims and/or defendants can be done at any time and should be done when clarifications in pleading standards are rendered by higher courts which narrow and/or clarify

---

[1] The Order Following Status Conference could have issued without the courtesy to the parties of holding a status conference which served no purpose other than to notify the parties in advance of the procedural re-direction of this case.

claims raised in any pending action.  It is merely coincidence that this action has not previously been reviewed in light of the changed pleading standards as delineated in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009).  *Ref. Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

   Further, Plaintiff does not have a constitutional right to the appointment of counsel in this action.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but will do so only if exceptional circumstances exist.  Palmer, 560 F.3d at 970.  In making this determination, the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved must be evaluated.  Id.  Neither consideration is dispositive and they must be viewed together.  Id.  Plaintiff's disagreement with the Court's order is not sufficient to support his motion for reconsideration.  Plaintiff has not established that he is likely to prevail on the merits and the record demonstrates that Plaintiff is able to articulate his claims pro se.

   To the extent that the document Plaintiff filed May 12, 2011 objects to the Order Following Telephonic Status Conference, it is HEREBY OVERRULED; and to the extent that the document Plaintiff filed May 12, 2011 seeks reconsideration of the Order Following Telephonic Status Conference, it is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   May 16, 2011**　　　　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE