# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO. 1:09-cv-00205-LJO-SMS PC |
| Plaintiff, | ORDER OVERRULING OBJECTIONS AND DENYING MOTION FOR RECONSIDERATION |
| v. | |
| ADAMS, et al., | (Doc. 116) |
| Defendants. | THIRTY DAY DEADLINE |

Plaintiff, Barry Louis Lamon (hereinafter "Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 2, 2009.  On May 19, 2011, Plaintiff filed objections to and request for reconsideration of the Magistrate Judge's order re-screening the Complaint and ordering Plaintiff to file an amended complaint or notify if he elected to proceed only on the claims found cognizable therein.  (Doc. 116.)

The Federal Magistrates Act[1] provides two separate standards for review of Magistrate Judge orders by a District Judge.  On nondispositive matters, a Magistrate Judge's order is reviewed to ascertain whether it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, n. 4 (9th Cir. 2010) (ref. *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747-48 (9th Cir. 1990)); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).  "The

---

[1] The Federal Magistrates Act was codified at 28 U.S.C. §§ 604, 631-639 and 18 U.S.C. §§ 3060, 3401-3401 and was implemented by Fed. R. Civ. P. 72-75.

1

district court reviews 'the magistrate's order for clear error.'" *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting *Maisonville*, 902 F.2d at 748). "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination. . . ." *Id.* (quoting *Merritt v. International Broth. Of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). A District Court's denial of reconsideration of a Magistrate Judge's nondispositive order is reviewed under that same standard. *Osband v. Wooford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (citing *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985). The decision as to whether a Magistrate's decision was clearly erroneous or contrary to law is "well within the discretion of the district court." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989)). Further, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241 (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir.1988)).

Plaintiff has not shown that the Magistrate Judge's Order Requiring Plaintiff Either to File Amended Complaint or to Notify Court of Willingness to Proceed Only on Claims Found to Be Cognizable after screening the complaint in light of the changed pleading standards as delineated in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009) was clearly erroneous or contrary to law. Plaintiff's mere disagreement with the Court's ruling, which is all that is shown in the instant motion, is not grounds for reconsideration.

As stated in a recent order from this Court overruling Plaintiff's objections and denying reconsideration of the Order Following Status Conference, orders such as the Magistrate Judge's order re-screening the Complaint fall well within the Court's inherent powers to manage its docket and to most efficiently utilize limited resources. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A(a), and must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee,

or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).  Accordingly, screening and re-screening that may result in dismissal of claims and/or defendants can be done at any time and should be done when clarifications in pleading standards are rendered by higher courts which narrow and/or clarify claims raised in any pending action.  It is merely coincidence that this action has not previously been reviewed in light of the changed pleading standards as delineated in *Iqbal*, 129 S.Ct. 1937; *see Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).  It matters not that prior screening of this action was conducted under more lenient standards.  When new precedent is enacted by higher courts, it does not apply solely to cases that are subsequently filed; rather it is to apply to all pending cases unless specified to the contrary.

      To the extent that the document Plaintiff filed May 19, 2011 objects to the Order Requiring Plaintiff Either to File Amended Complaint or to Notify Court of Willingness to Proceed Only on Claims Found to Be Cognizable, it is HEREBY OVERRULED; and to the extent that the document Plaintiff filed May 19, 2011 seeks reconsideration of the Order Requiring Plaintiff Either to File Amended Complaint or to Notify Court of Willingness to Proceed Only on Claims Found to Be Cognizable, it is HEREBY DENIED.

      Further, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff must either:
    a. File a first amended complaint curing the deficiencies identified by the Court in the order re-screening the Complaint that issued on May 10, 2011 (Doc. 111), or
    b. Notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for use of excessive force, deliberate indifference to a threat to Plaintiff's safety, and retaliation on the claims found cognizable in the order re-screening the

        Complaint that issued on May 10, 2011 (Doc. 111); and

2.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   May 23, 2011                           /s/ Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE