# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>        Plaintiff,<br><br>   v.<br><br>MATTHEW L. CATE, et al.,<br><br>        Defendants. | CASE NO. 1:09-cv-00205-LJO-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR HEARING AND TO SHOW CAUSE CONCERNING RELATED CASES IN SEPARATE ACTIONS<br><br>(Doc. 119) |

Plaintiff, Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed this action on February 2, 2009. (Doc. 1.) Initially the Complaint was screened and went forward on Plaintiff's consent to proceed on the claims found cognizable at that time. (Docs. 7, 8, 9.)

Subsequently, the Complaint was re-screened under the stricter pleading standards implemented in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009) and was found to state claims for excessive force, deliberate indifference to a threat to Plaintiff's safety, and retaliation; and Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on his cognizable claims. (Doc. 111.) Plaintiff filed objections which were overruled and moved for reconsideration which was denied. (Docs. 116, 117.) On June 8, 2011, Plaintiff consented such that this case is proceeding only on the claims found to be cognizable in the re-screening order. (Doc. 118.)

On June 8, 2011, Plaintiff filed a motion seeking an order issue "establishing a date and

1  time for a hearing and show cause by the parties to (potential) relationship between actions[1]
2  proceeding separately in the Eastern District Court." (Doc. 119, p. 1.)  Plaintiff apparently filed
3  this motion subsequent to being ordered, in  case  number 1:07-cv-01390-LJO-GBC PC Lamon
4  v. Adams to show cause why it should not be dismissed as duplicative of case number 1:07-cv-
5  000493-AWI-DLB PC Lamon v. Tilton.

6  　　　Plaintiff cites 28 U.S.C. § 1651 (the All Writs Act) as authority for his motion.  The All
7  Writs Act authorizes the issuance of extraordinary writs to aid the issuing court's jurisdiction.
8  Clinton v. Goldsmith, 526 U.S. 529, 534, 119 S.Ct. 1538 (1999) (quotations omitted).  Plaintiff's
9  reliance on the All Writs Act in support of his request for an evidentiary hearing is misplaced as
10 all necessary parties have already appeared in this action.  Plaintiff's citation to the All Writs Act
11 is disregarded.  Plaintiff also cites Local Rule 123(a).[2]  However, he fails to identify how a
12 determination that all of his cases are related would effect a substantial savings of judicial effort
13 – particularly given the vast difference among his cases in procedural posture and named
14 defendants.

15 　　　Plaintiff's motion appears to be a thinly veiled attempt to avoid dismissal of duplicative
16 claims.  A Plaintiff bears the initial burden to not file duplicative claims and shoulders the
17 consequences of their dismissal.  The Court's limited resources will not be expended to assist a
18 Plaintiff who has not kept track of which claims he has raised in which action(s).  The issue of
19 duplicative claims raised in case number 1:07-cv-01390-LJO-GBC PC Lamon v. Adams is
20 appropriately addressed therein.  The claims in this action are not subject to that proceeding and
21 there is no basis to hold a hearing in this action to determine inter-relational aspects between
22 Plaintiff's cases.

23 　　　Accordingly, Plaintiff's "Motion for Hearing and to Show Cause Pursuant to the All

---

[1] Plaintiff has eight civil cases pending in this district.

[2] Plaintiff also references Local Rule "78-230(m)."  A number of years ago the Local Rules were re-numbered such that there no longer is any such Local Rule.  It appears that an equivalent current citation would be to Local Rule 230, however there it has no subsection "(m)."  Subsection (l) to the current version of Local Rule 230 addresses motions filing deadlines for opposition and replies in prisoner motions and the timing of submission of such motions.  Nothing in Local Rule 230 addresses circumstances involving multiple related cases.  Plaintiff's reference to Local Rule "78-230(m)" is disregarded.

1 | Writs Act, 28 U.S.C. § 1651(a) and Local Rule 78-230(m), Concerning Related Cases in
2 | Separate Actions," filed June 8, 2011 (Doc. 119), is HEREBY DENIED.
3 |              IT IS SO ORDERED.
4 | **Dated:    June 13, 2011**                    **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE