1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    BARRY LOUIS LAMON,             CASE NO. 1:09-cv-00205-LJO-SMS PC

10             Plaintiff,       ORDER OVERRULING OBJECTIONS
                          AND DENYING MOTION

11      v.                     FOR RECONSIDERATION

12    ADAMS, et al.,              (Doc. 124)

13             Defendants.

14  _____ /

15  I.      Order

16       A.      Plaintiff's Motion for Reconsideration

17         This civil rights action was filed pursuant to 42 U.S.C. § 1983.  Plaintiff, Barry Louis

18  Lamon ("Plaintiff") is proceeding in this action against Defendants Buenos, Lee, Ponce, and

19  Purvis ("Defendants") for Eighth Amendment excessive use of force and deliberate indifference

20  to a threat to Plaintiff's safety and for retaliation in violation of the First Amendment.

21         On June 8, 2011, Plaintiff filed a motion seeking an order issue "establishing a date and

22  time for a hearing and show cause by the parties to (potential) relationship between actions

23  proceeding separately in the Eastern District Court" ("Motion for Hearing").  (Doc. 119, p. 1.)

24  Plaintiff apparently filed that motion subsequent to being ordered, in case number 1:07-cv-

25  01390-LJO-GBC PC *Lamon v. Adams* to show cause why it should not be dismissed as

26  duplicative of case number 1:07-cv-000493-AWI-DLB PC *Lamon v. Tilton*.  Plaintiff's Motion

27  for Hearing was denied.  (Doc. 120.)  On July 5, 2011, Plaintiff filed a document entitled

28

1   "Plaintiff's Objections to Court's Order (Doc. 120), Rule 59(e), Fed. R. Civ. P., Motion to

2   Vacate the Order."  (Doc. 124.)  This document is construed as a motion for reconsideration. [1]

3          B.      Standards for Reconsideration

4          Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

5   district court.  Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from

6   an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable

7   remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances

8   . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and

9   citation omitted).  The moving party "must demonstrate both injury and circumstances beyond

10  his control . . . ."  *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j)

11  requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are

12  claimed to exist which did not exist or were not shown upon such prior motion, or what other

13  grounds exist for the motion," and "why the facts or circumstances were not shown at the time of

14  the prior motion."

15         Motions to reconsider are committed to the discretion of the trial court.  *Combs v. Nick*

16  *Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th

17  Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing

18  nature to induce the court to reverse its prior decision.  *See e.g., Kern-Tulare Water Dist. v. City*

19  *of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other

20  grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).  The Ninth Circuit

21  has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the

22  preceding clauses.'"  *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord*

23  *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986).

24  Accordingly, "the clause is reserved for 'extraordinary circumstances.'"  *Id*.  Further, when filing

25  a motion for reconsideration,  Local Rule 230(j)(3) & (4) requires a party to show the "new or

26

27          [1] While Plaintiff cites Fed. R. Civ. P. 59, there has not been a judgment entered in this matter to be altered
    or amended.  Accordingly, this motion is properly evaluated as a request for reconsideration under Fed. R. Civ. P.

28  60.  Further, this motion is being ruled on without affording Defendants the opportunity to file an opposition as they
    will not be prejudiced since the motion is being denied.

                                            2

1  different facts or circumstances are claimed to exist which did not exist for the motion; and . . .

2  why the facts or circumstances were not shown at the time of the prior motion."

3      Plaintiff has not shown any new or different facts or circumstances, newly discovered

4  evidence, or an intervening change of law to support his motion.  Plaintiff also fails to present

5  any arguments and/or authority to show that this Court erred in denying his Motion for Hearing

6  and to Show Cause Concerning Related Cases in Separate Actions, or that any extraordinary

7  circumstances exist so as to justify the relief he seeks.  Plaintiff's mere disagreement with the

8  Court's evaluation of his evidence and arguments and ruling thereon, which is all that is shown

9  in the instant motion, is not grounds for reconsideration.  Further, while holding a hearing such

10 as Plaintiff desires might prove helpful to Plaintiff in sorting through his actions and claims

11 against numerous defendants, it would clearly not be the most efficient use of limited Court

12 resources.

13     Having carefully considered this matter, the Court finds its Order Denying Plaintiff's

14 Motion for Hearing and to Show Cause  Concerning Related Cases in Separate Actions to be

15 supported by the record and by proper analysis.

16     Accordingly, IT IS HEREBY ORDERED that, to the extent that the document Plaintiff

17 filed on July 5, 2011 objects to the Order Denying Plaintiff's Motion for Hearing and to Show

18 Cause Concerning Related Cases in Separate Actions, it is OVERRULED; and to the extent that

19 the document Plaintiff filed on July 5, 2011 seeks reconsideration of the Order Denying

20 Plaintiff's Motion for Hearing and to Show Cause Concerning Related Cases in Separate

21 Actions, it is DENIED.

22 IT IS SO ORDERED.

23 **Dated:    July 12, 2011**                    _____/s/ Lawrence J. O'Neill_____
                                                    UNITED STATES DISTRICT JUDGE

24

25

26

27

28