# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO. 1:09-cv-00205-LJO-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| v. | |
| ADAMS, et al., | (Doc. 136) |
| Defendants. | |

This civil rights action was filed pursuant to 42 U.S.C. § 1983. Plaintiff, Barry Louis Lamon ("Plaintiff") is proceeding on the Complaint, filed February 2, 2009, only on Plaintiff's claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for excessive use of force and deliberate indifference to a threat to Plaintiff's safety in violation of the Eighth Amendment and for retaliation in violation of the First Amendment.

On October 18, 2011, Plaintiff filed a motion seeking the issuance of a temporary restraining order and/or a preliminary injunction to: (1) enjoin the California Department of Corrections and Rehabilitation (CDCR) and it's employees from threatening, harming, coercing, and/or retaliating against him; (2) to appoint a Special Master to investigate retaliation for and the destruction of civil rights claims, to transfer Plaintiff or protect him from misconduct, to supervise CDCR's compliance with any remedies granted to Plaintiff; (3) to order Defendants to show cause why the relief Plaintiff seeks in this action should not be granted; (4) to have counsel appointed; (5) to hold a hearing to ascertain whether Plaintiff has been rendered unable to prosecute this and other actions given the

1  destruction/spoilation of his legal materials; and (6) that he be granted any other relief to further
2  justice. (Doc. 136, pp. 2-3, 38-40.) Defendants filed an opposition and Plaintiff filed a reply. (Docs.
3  138, 141.) The motion is deemed submitted. L.R. 230(l).

4      Federal courts are courts of limited jurisdiction and in considering a request for preliminary
5  injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before
6  it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660,
7  1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,
8  454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or
9  controversy before it, it has no power to hear the matter in question. Id. Requests for prospective
10 relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which
11 requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary
12 to correct the violation of the Federal right, and is the least intrusive means necessary to correct the
13 violation of the Federal right."

14     Regardless, the pendency of this action does not give the Court jurisdiction over prison
15 officials in general or over Plaintiff's property issues. Summers v. Earth Island Institute, 129 S.Ct.
16 1142, 1148-49 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's
17 jurisdiction is limited to the parties in this action and to the viable legal claims upon which this
18 action is proceeding. Summers, 129 S.Ct. at 1148-49; Mayfield, 599 F.3d at 969.

19     Plaintiff does not seek the temporary restraining order and/or preliminary injunction against
20 any of the Defendants who remain in this action. "A federal court may issue an injunction if it has
21 personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not*
22 *attempt to determine the rights of persons not before the court*." Zepeda v. United States
23 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). In his motion, Plaintiff
24 mentions the names of a number of prison personnel (though none of the Defendants in this action)
25 and directs the court to ten of his other federal actions. However, naming prison personnel as
26 defendants in Plaintiff's other actions does not confer jurisdiction in the case at bar. Thus, Plaintiff's
27 motion must be denied for lack of jurisdiction.

28     Plaintiff also seeks relief under the All Writs Act, but it does not confer original jurisdiction

on federal courts. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 29, 123 S.Ct. 366, 368 (2002). However, even if jurisdiction were properly pled, neither injunctive relief nor mandamus relief is available absent extraordinary circumstances, *e.g.*, Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380, 124 S.Ct. 2576, 2586 (2004); Brown v. Gilmore, 533 U.S. 1301, 122 S.Ct. 1, 2 (2001), and Plaintiff has not shown that his right to relief "is clear and indisputable," U.S. v. Romero-Ochoa, 544 F.3d 833, 839 (9th Cir. 2009) (internal quotation marks and citation omitted). Further, even if Plaintiff met the jurisdictional requirements, his motion is devoid of any legal basis upon which mandamus may be sought or issued. Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380-81, 124 S.Ct. 2576 (2004); Hernandez v. Tanninen, 604 F.3d 1095, 1099 (9th Cir. 2010).

To the extent Plaintiff believes he is in danger, there are other avenues of relief available to him. *E.g.*, In re Estevez, 83 Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008). Plaintiff is also not precluded from attempting to state cognizable claims in new actions if he believes his civil rights are being violated beyond his pleadings in this and his other actions.

The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not overcome what is a *jurisdictional* bar. Steel Co., 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.

Further, Plaintiff's request for a Special Master must be denied as he has not set forth any grounds that would support such an appointment. Fed. R. Civ. P. 53. To the extent that Plaintiff's request can be construed as one for the appointment of an investigator to assist Plaintiff in gathering evidence to support his case, rather than for the appointment of a Special Master, Plaintiff's request must also be denied. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted). The in forma pauperis statute does not authorize the expenditure of public funds for the appointment of

3

an investigator. 28 U.S.C. § 1915. To the extent that Plaintiff seeks appointment of a Special Master to secure Plaintiff's transfer to a facility other than California State Prison-Corcoran ("CSP-Corcoran") in Corcoran, California it must also be denied as prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Plaintiff's request, stated for the first time in his reply, that Defendants be ordered to show cause why he should be returned[1] to CSP-Corcoran, must likewise be denied. Finally, Plaintiff has not shown that he will prevail in this action which makes his request for a Special Master to supervise CDCR's compliance with any remedies granted to Plaintiff speculative. Additionally, as alluded to above, CDCR is not a party to this action such that the court lacks jurisdiction over its conduct via this action.

Further, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record

---

[1] Plaintiff filed his reply while housed at CSP-Sacramento on "out to court" ("OTC") status and apparently prefers it to CSP-Corcoran. (Doc. 141.)

4

1 in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

2     A hearing to ascertain whether the destruction/spoilation of his legal materials has rendered Plaintiff unable to prosecute this and other actions is not necessary as there are other avenues of relief available to him. *E.g.* Christopher v. Harbury, 536 U.S. 403, 412-15 (2002); Lewis v. Casey, 518 U.S. 343, 346 (1996). Once again, Plaintiff is not precluded from attempting to state cognizable claims in new actions if he believes his civil rights are being violated beyond his pleadings in this and his other actions.

    Accordingly, Plaintiff's motion for temporary restraining orders and preliminary injunctive relief, filed October 18, 2011 (Doc. 136), is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   December 13, 2011**          /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE