# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>    Plaintiff,<br><br>    vs.<br><br>ADAMS, et al.,<br><br>    Defendants.<br>_____/ | 1:09-cv-00205 LJO SMS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' STATEMENT OF DISCOVERY NEEDED AND DISREGARDING "OBJECTIONS"<br><br>(Doc. 127) |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On May 3, 2011, an Order issued directing both parties to file discovery motions delineating remaining discovery sought with allowance for filing of oppositions and replys subsequent to re-screening of the Complaint in light of Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009). (Docs. 109, 121.) Plaintiff filed a "Statement of Discovery Needed" ("Plaintiff's Statement") delineating discovery he believed was still necessary on June 29, 2011. (Doc. 123.) Defendants filed their "Statement of Discovery Needed" ("Defendants' Statement") on June 30, 2011. (Doc. 122.) Defendants filed a response to Plaintiff's Statement on July 8, 2011 to which Plaintiff replied on September 19, 2011. (Docs. 125, 134.) Rather than filing an opposition or response to Defendants' Statement, on July 13, 2011, Plaintiff filed a document entitled "Plaintiff's Objection to, and Motion to Strike From the Record, Defendants 'Statement of Discovery Needed.'" (Doc. 127.)

In this document, Plaintiff requests that the Court strike Defendants' Statement, arguing

that "it has been inappropriately filed in [sic] address of matters not before the Court."  (Id.)
Plaintiff does not delineate specific legal objections; rather he argues that since Defendants'
Statement addresses the requests for admissions it "is merely a sheisty [sic] attempt by
Defendant's [sic] Counsel to re-introduce issues previously decided against the Defendants, and
to do so in the most dilatory and untimely manner."  (Id., at p. 3.)  Since Plaintiff does not cite
any legal authority other than a few Local Rules, which address discovery procedures and
motions in prisoner cases (*see* id., at pp. 3, 4), Plaintiff's motion is construed as a motion to
strike under the Federal Rules of Civil Procedure 12 and 37.[1]

Both Federal Rules of Civil Procedure 12 and 37 provide for striking all, or portions of, a *pleading*.[2]  Only pleadings are subject to motion to strike; improper motions, declarations or other material not contained in pleadings cannot be stricken under Rule 12(f).  Sidney-Vinstein v. A.H. Robins Co. 697 F.2d 880, 885 (9th Cir. 1983).  Defendants' Statement is not a pleading subject to a motion to strike under either Rule 12 or 37; rather it is a document which the parties were ordered to file delineating what, if any, further discovery was necessary in light of the case having been re-screened under the standards delineated in Iqbal.  If this document were to be stricken from the record, it would be as though Defendants had never filed a response to this Court's Order (*see* Docs. 109, 121) resulting in prejudice to Defendants for both failure to respond to a court order and by removing their impressions of the remaining discovery issues from consideration.  Plaintiff does not cite any legal authority to support his request that this statement from Defendants be stricken and the Court finds none applicable to this scenario.  Defendants' Statement will not be struck from the record, but will be addressed for adequacy and compliance with the orders requiring submission by separate, subsequent order addressing possible remaining discovery issues.  Likewise, while Plaintiff's objections are being disregarded and motion to strike denied here, they will be construed as Plaintiff's opposition to

---

[1] If Plaintiff intended to pursue this motion under some other legal standard he has only himself to blame for failing to cite it in his motion.

[2] Federal Rule of Civil Procedure 7(a) defines allowed pleadings.

1  Defendants' Statement when the necessity of additional discovery is addressed.

2  Accordingly, Plaintiff's "Motion to Strike From the Record, Defendants' Statement of
3  Discovery Needed" (Doc. 127), filed July 13, 2011, is hereby DENIED and since Plaintiff did
4  not delineate any legal objections to Defendants' statement to be ruled on, all such "objections"
5  he intended to raise are hereby DISREGARDED.

8  IT IS SO ORDERED.

9  Dated:   **December 13, 2011**           /s/ **Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE