# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | 1:09-cv-00205 LJO SMS (PC) |
| Plaintiff, | ORDER OVERRULING PLAINTIFF'S OBJECTIONS; DENYING PLAINTIFF'S MOTION FOR THE MAGISTRATE JUDGE TO AMEND THE AUGUST 31, 2011 ORDER (Doc. 133) |
| vs. | |
| ADAMS, et al., | |
| Defendants. | (Doc. 135) |

**I.     ORDER**

    **A.     Background & Plaintiff's Motion**

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On September 19, 2011, Plaintiff filed a document entitled "Plaintiff's Objections to, and Motion for the Magistrate Judge to Amend Her August 31, 2011 Order (Doc. 133)." (Doc. 135.) The August 31, 2011 Order denied a motion for an extension of time which Plaintiff sought for filing motion(s) to compel and granted Plaintiff an extension of time to file a reply to Defendant's response (Doc. 125) to Plaintiff's statement of discovery needed (Doc. 123). (Doc. 133.) In the current motion, Plaintiff concedes that, in his "Second Motion for 30-Day Extension of Time to File a Motion to Compel" ("Original Motion") (Doc. 132) he used inaccurate language, and clarifies that he is objecting to the order thereon (Doc. 133) "to the extent that it denied [him] 'allowance' to file motions to compel." (Doc. 135, p. 2.) Defendants did not file an opposition. This motion is construed as a motion for reconsideration and is deemed submitted. L.R. 230(l).

1    Local Rule 230(j) provides that a party seeking reconsideration of an order shall present
2 his motion, identifying the order on which reconsideration is sought, and shall support his
3 motion with "an affidavit or brief, as appropriate, setting forth the material facts and
4 circumstances surrounding each motion for which reconsideration is sought, including . . . (3)
5 what new or different facts or circumstances are claimed to exist which did not exist or were
6 not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the
7 facts or circumstances were not shown at the time of the prior motion."
8    Plaintiff does not submit any new or different facts or show that circumstances exist,
9 which did not exist or were not shown in his Original Motion (Doc. 132).  Further, Plaintiff's
10 disagreement with the ruling is not grounds for reconsideration.  Fed. R. Civ. P. 60(b)(6); Local
11 Rule 230(j); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880
12 (9th Cir. 2009); Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).  While Plaintiff argues
13 that the court misunderstood his Original Motion and that the orders that directed the parties to
14 submit statements of discovery needed allowed him to file motions to compel which he should
15 not be foreclosed from filing (Doc. 135, p. 2), the August 31, 2011 Order specifically quoted
16 verbiage used in the Original Motion.  (Doc. 133.)  The Court cannot divine or otherwise
17 conjure an intent contrary to the plain meaning of the words written by a party.  Plaintiff has no
18 one but himself to blame for utilizing words in his motion that did not reflect his actual intent.
19 However, the Amended Scheduling Order, reopening discovery, issued concurrently herewith
20 allows further propounding of discovery, including motions to compel, so as to make this
21 motion moot.
22    Accordingly, "Plaintiff's Objections to, and Motion for the Magistrate Judge to Amend
23 Her August 31, 2011 Order (Doc. 133)," filed September 19, 2011 (Doc. 135) is hereby
24 DENIED as moot.
25
26              IT IS SO ORDERED.
27 Dated:   January 18, 2012           /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE
28