# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>                    Plaintiff,<br><br>     v.<br><br>ADAMS, et al.,<br><br>                    Defendants.<br>_____ / | CASE NO. 1:09-cv-00205-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION<br><br>(Doc. 145) |

     Plaintiff, Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed this action on February 2, 2009. (Doc. 1.) Initially the Complaint was screened and went forward upon Plaintiff's consent to proceed only on the claims found cognizable at that time (Docs. 7, 8, 9).

     Subsequently, the United States Supreme Court issued the decision in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), which ushered in stricter pleading standards. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 968-69 (9th Cir. 2009) (citing *Iqbal*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

     On May 10, 2011, an order issued ("the Re-screening Order") in which Plaintiff's Complaint was re-screened and found to only state cognizable claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for use of excessive force, deliberate indifference to a threat to Plaintiff's safety, and retaliation; and Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on his cognizable claims. (Doc. 111.) Plaintiff filed objections and moved for reconsideration. (Doc. 116.) Plaintiff's objections

were overruled; his request for reconsideration was denied; and he was ordered to either file a first amended complaint or to notify the Court of his intent to proceed on the claims found cognizable in the Re-screening Order. (Doc. 117.) On June 8, 2011, Plaintiff notified the Court that he is willing to proceed on the claims found to be cognizable in the re-screening order (Doc. 118) and the action has proceeded (Doc. 121).

Currently before the Court is "Plaintiff's Rule 60(b) Fed. R. Civ. P. Motion for Reconsideration Based upon the creation of intervening Ninth Circuit Controlling Law" ("this Recon. Motion"). (Doc. 145.) In this motion, not only does Plaintiff once again seek reconsideration of the Re-screening Order, he also requests that the order ("Vacate F&R Order") (Doc. 102), which partially vacated a findings and recommendation to deny defense summary judgment (Doc. 84), be vacated. (Doc. 145, Recon. Mot., 2:8-14.) Plaintiff filed objections to the Vacate F&R Order (Doc. 106) which, in an order following a telephonic status conference ("the TSC Order"), were denied as moot with numerous other objections and filings (Doc. 109) and the case was referred back to the magistrate judge for further proceedings which included issuance of the Re-screening Order (Docs. 110, 111). Plaintiff subsequently filed objections (Doc. 113) to the TSC Order which were overruled and any reconsideration sought thereon was denied (Doc. 115). Defendants have filed an opposition to this Recon. Motion (Doc. 149) and Plaintiff has replied (Doc. 152). This Recon Motion is deemed submitted. L.R. 230(l).

As noted by the above history in this case, this Recon Motion is duplicative as it seeks reconsideration of prior orders on which Plaintiff's prior objections have been overruled and reconsideration denied. Further, Plaintiff's solitary new argument in this Recon Motion that Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010) is intervening case law is unavailing as the Re-screening Order both cited and adhered to the liberal construction parameters of Hebbe for screening pro se inmate filings. Further, as previously indicated, Plaintiff's disagreement with the rulings in question is not grounds for reconsideration. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).

///

1  Accordingly, it is HEREBY ORDERED that "Plaintiff's Rule 60(b) Fed. R. Civ. P. Motion for Reconsideration Based upon the creation of intervening Ninth Circuit Controlling Law," (Doc. 145) filed on December 21, 2011 is denied as duplicative and for the reasons stated in the prior orders overruling Plaintiff's objections and denying reconsideration (Docs. 115, 117). Further motions for reconsideration on the orders discussed herein will not be entertained and will be stricken upon filing.

IT IS SO ORDERED.

**Dated:   September 6, 2012**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE