# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DERRAL ADAMS, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:09-cv-00205-LJO-SMS (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND CLARIFYING THE ORDER AMENDING THE SCHEDULING ORDER (DOC. 150)<br><br>(Doc. 154) |

### I.     Procedural Background

Plaintiff, Barry Louis Lamon ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding on the Complaint, filed February 2, 2009, only on Plaintiff's claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for excessive use of force and deliberate indifference to a threat to Plaintiff's safety in violation of the Eighth Amendment and for retaliation in violation of the First Amendment.

Originally, this case proceeded on Plaintiff's claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for use of excessive force, deliberate indifference to a threat to Plaintiff's safety, and retaliation and against Defendants Adams, Junious, Da Viaga, and Callow for deliberate indifference to a threat to Plaintiff's safety. (Docs. 7, 8, 9.) The first Discovery and Scheduling Order issued in this case on October 27, 2009. (Doc. 17.) Therein, the discovery cut-off date was set at June 27, 2010, with September 7, 2010 set as the dispositive motion deadline. (Id.) The parties engaged in discovery, multiple discovery disputes arose, and

dispositive motions were filed. (*See* Docs. 24, 26, 28, 31, 34, 37, 39, 40, 43, 46, 49, 55, 56, 63, 67, 74, 75, 76, 84, 90, 94, 101, 102, 103.)

A telephonic status conference ("TSC") was held on April 27, 2011. In that conference, the parties and the Court discussed the multiple pending motions and the stricter pleading standards which were ushered in by the decision of the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), *see* Moss v. U.S. Secret Service, 572 F.3d 962, 968-69 (9th Cir. 2009). This conference was held merely as a courtesy to apprise the parties both that the case would be re-screened and, since the re-screening would likely narrow Plaintiff's claims, that judicial resources were insufficient to delve through all of the pending discovery motions to discern which would subsequently remain relevant, so the parties would be given opportunity to advise the Court as to what discovery remained necessary subsequent to the re-screening of the Complaint. An Order Following Telephonic Status Conference ("the TSC Order") issued stating that the case would be re-screened, that the parties would have opportunity to submit statements of discovery needed (including motions to compel), and that all discovery motions filed prior to the TSC were thus rendered moot. (Doc. 109.)

Subsequently, the case was re-screened ("the Re-screening Order"). (Doc. 111.) After his objections to the new screening order were overruled and reconsideration was denied, Plaintiff elected to proceed on the claims found cognizable upon re-screening. (Docs. 116, 117, 118, 121.)

Thereafter, the parties were ordered to submit statements delineating what, if any, discovery remained necessary for pursuing/defending the remaining claims. (Docs. 109, 121.) These orders did not re-open discovery, but issued with the understanding that significant discovery disputes existed premised on a primary dispute as to whether Plaintiff's responses to Defendants' Requests for Admissions ("RFAs") resulted in automatic admissions. The intent behind ordering the parties to submit statements of remaining discovery was to ascertain whether any discovery disputes remained and what, if any further discovery the parties desired to propound, limited solely to pursuit and/or defense of the remaining claims in the case which might warrant reopening discovery. All issues surrounding Defendants' RFAs were to be

separately addressed.

Plaintiff filed his statement of discovery needed ("Plaintiff's Statement") on June 29, 2011. (Doc. 123.) Defendants filed their statement of discovery needed ("Defendants' Statement") on June 30, 2011. (Doc. 122.) Defendants filed their response to Plaintiff's Statement on July 8, 2011. (Doc. 125.) Plaintiff filed his corresponding reply on September 19, 2011. (Doc. 134.) Instead of filing a response to Defendants' Statement, on July 13, 2011, Plaintiff filed a document identified as his objections and motion to strike Defendants' Statement. (Doc. 127.) While Plaintiff's motion to strike Defendants' Statement was denied and his objections were disregarded, they were construed as Plaintiff's opposition/response to Defendants' Statement. (Doc. 144.) Subsequently, an order amending the scheduling order issued which found that Plaintiff's responses to Defendants' RFAs were sufficient, reopened limited discovery and extended the discovery deadline (including motions to compel) to June 1, 2012, and extended the deadline for filing pre-trial dispositive motions to September 7, 2012 ("the Amd/Sch Order"). (Doc. 150.)

## II.     Plaintiff's Objections & Request for Clarification

On February 2, 2012, Plaintiff filed a document entitled "Plaintiff's Objections to, and Request of Magistrate Judge Snyder to Clarify her January 18, 2012 Order Amending the Scheduling Order (Doc. 150)" ("Current Objections"), which is currently before the Court. (Doc. 154.) In this document, Plaintiff states that he feels the Amd/Sch Order made inaccurate descriptions of the nature, context, and initially stated purpose for issuing both the TSC Order (Doc. 109) and the Order Directing the Action to Proceed on First and Eighth Amendment Claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis (Doc. 121). Despite more than sufficient lapse of time, Defendants have not responded.

In Plaintiff's Current Objections, he takes umbrage with the following: (1) Plaintiff objects that none of the discovery issues which he filed prior to the re-screening of the Complaint were considered; (2) Plaintiff believed that the adequacy of his responses to the RFAs was decided verbally at the TSC and so objects to the discussion in the Amd/Sch Order regarding the prior dispute as to whether he had adequately responded to Defendants' RFAs; (3)

Plaintiff feels that the Amd/Sch Order mentions only Defendants' arguments regarding their RFAs and is "utterly silent as to [his] discovery concerns" (that Defendants stated they had served various documents on Plaintiff when in fact they had not done so); and (4) Plaintiff objects that the Amd/Sch Order did not require Defendants to file a copy of all discovery responses served on Plaintiff with the Court under seal, which he believes was also verbally decided and agreed to at the TSC.

### A.    Prior Discovery Motions

Plaintiff's objection that none of the discovery issues which were pending prior to the re-screening of the Complaint were considered is not well taken.

The TSC was held as a courtesy to the parties for a variety of reasons: (1) to apprise the parties that the case was going to be re-screened in light of the changed pleading standards as delineated in Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); *ref* Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009); (2) to provide an informal discussion regarding the volume of the outstanding discovery disputes and a discussion of the result if any of Plaintiff's then pending claims were found not to be cognizable on re-screening to facilitate a decision as to whether discovery should be reopened; and (3) to give the parties opportunity to review the pending motions which would be rendered moot to refresh their recollection so as to adequately prepare statements delineating further/remaining discovery desired subsequent to re-screening.

Plaintiff filed objections to the TSC Order which were overruled and any motion for reconsideration construed thereon was denied. (Docs. 113, 115.)

Re-screening of the Complaint narrowed Plaintiff's claims in this case. (Doc. 150.) This being so, the Court was not in a position to spend a considerable amount of its limited resources attempting to discern which of the prior discovery disputes remained relevant. Further, it neither could, nor should speculate as to the desires of the parties thereon.

It is important to note that the parties were not limited as to what they were allowed to delineate as further/remaining discovery in their statements of discovery needed. The TSC Order stated that, in their statements of discovery needed the parties were to delineate

"remaining discovery sought (i.e. via compelling further responses to previously propounded discovery as well as additional discovery necessary for adequate trial preparation and/or dispositive motions) . . . ." (Doc. 109.)  If Plaintiff felt they were still applicable, he could have restated every single discovery request he had previously propounded on Defendants, or he could have indicated that the responses he received were insufficient so as to necessitate motions to compel, or he could have restated requests and responses received that were contained in any of his previously filed motions to compel further response.  Plaintiff has only himself to blame for not resurrecting issues in the discovery motions that were found moot on re-screening when given the opportunity to do so.

It is also important to note that Defendants were ordered to respond to all discovery request which Plaintiff delineated in his statement of discovery needed – both as interrogatories and requests for production.

### B.     No Verbal Rulings Were Made at the TSC

The TSC Order generally reflects the topics discussed at the April 27, 2011 TSC.  (Doc. 109.)  Though verbally discussed in some detail, none of the discovery disputes were specifically resolved, or ruled on in any way, at the TSC.  The TSC Order reflected this by ordering the parties, subsequent to service of the order re-screening the Complaint, to submit statements delineating remaining discovery they desired.  (Id.)  The TSC Order specified that the parties could delineate both responses to previously propounded discovery for which further responses needed to be compelled as well as additional discovery necessary for adequate trial preparation and/or filing/opposing dispositive motions.  (Id.)  The TSC Order also specifically stated that the previously served RFAs should not be included in the parties' requests for discovery as they would be ruled on separately.  (Id.)  While the parties' differing opinions regarding the effect of Plaintiff's responses to Defendants' RFAs were discussed in the TSC, the issue was not ruled on until the Amd/Sch Order  (Docs. 109, 150.)

Plaintiff's belief that the status of his responses to Defendants' RFAs was resolved verbally at the TSC is inaccurate.  If such ruling had been made, it would have been reflected in the TSC Order.  Plaintiff previously filed objections to the TSC Order (Doc. 113) which were

overruled and any motion for reconsideration that might have been construed thereon was denied (Doc. 115).  Plaintiff's objection to the TSC Order and Amd/Sch Order based on his belief that the issue of his responses to Defendants' RFAs was decided verbally at the TSC is overruled.

### C. Discussion of RFAs in the Amd/Sch Order:

Plaintiff also objects to the discussion in the Amd/Sch Order regarding the adequacy of his responses to Defendants' RFAs because he not only believes the issue was already resolved at the TSC,[1] but he also feels that the Amd/Sch Order mentions only Defendants' arguments regarding their RFAs and "appears utterly silent as to [Plaintiff's] discovery concerns" (i.e. that Defendants stated they had served various documents on Plaintiff when in fact they had not done so).  (Doc. 154, p. 3.)

The Amd/Sch Order addressed the adequacy of Plaintiff's responses to Defendants' RFAs as a ruling on this was pivotal and prerequisite to deciding whether to reopen discovery.  The Amd/Sch Order found that Plaintiff's responses to the RFAs were both sufficient and timely such that he was not deemed to have admitted any of the Defendants' RFAs.  (Doc. 150.)  While Plaintiff objects to it, the amount of discussion given to either side's position regarding Plaintiff's responses to Defendants' RFAs is merely a summation of issues and the arguments presented upon which the ruling is made.  Plaintiff's argument that his side of the issue regarding his responses to Defendants' RFAs received less attention in the Amd/Sch Order is superfluous since the ruling was in Plaintiff's favor.  (Id.)

Since the ruling regarding Defendants' RFAs was favorable to Plaintiff, discovery was reopened for the limited purpose of allowing the parties to conduct all desired discovery that they delineated in their statements of discovery needed.  (Docs. 123, 127, 154.)  Aside from the adequacy of Plaintiff's responses to Defendants' RFAs, Plaintiff's discovery concerns were not ruled on individually in the Amd/Sch Order as that very order granted him opportunity to propound further discovery as he had delineated and, if needed, to file subsequent motions to

---

[1] As previously discussed, no rulings were verbally made at the TSC.

compel thereon. The Statements of Discovery Needed did not function as motions to compel, but rather as indicators of outstanding discovery issues for which discovery was reopened.

Plaintiff's objection to the discussion in the Amd/Sch Order regarding the dispute as to the adequacy of his responses to Defendants' RFAs and because he feels that the Amd/Sch Order mentions only Defendants' arguments thereon are overruled.

### D. Previous Production Not Filed Under Seal:

Plaintiff objects to the fact that the Amd/Sch Order did not require Defendants to file a copy of all discovery responses previously served on Plaintiff with the Court under seal and argues that he believes this was also verbally decided and agreed to at the TSC.

It is true that Plaintiff raised his concerns and desires regarding production of documents by Defendants in the TSC. However, no such ruling was made at that time. Like the issue of the adequacy of Plaintiff's responses to Defendants' RFAs, if this issue had been decided at the TSC, it would have been stated in the TSC Order  The TSC Order specifically allowed the parties to delineate remaining discovery sought via compelling further responses to previously propounded discovery. (Doc. 109.) In his statement of discovery needed, Plaintiff delineated eighteen discovery requests phrased both as interrogatories and as requests for production of documents that he desired to serve on Defendants. (Doc. 122, pp. 5-10.) Defendants were ordered to respond to all of these requests -- both as interrogatories and requests for production of documents. (Doc. 150, p. 9.) Plaintiff should have raised any issue of adequacy of Defendants' production in response to his prior discovery requests that remained applicable after the case was re-screened in his statement of discovery needed. Despite being given instruction and opportunity, he failed to do so.

Defendants were ordered to respond to all requests for production of documents delineated in Plaintiff's statement of discovery needed. (Id.) Plaintiff may not now resurrect requests for production of documents for which he desires further production, but which were not delineated in his statement of discovery needed. Further, any request by Plaintiff to have Defendants' production of documents filed with the Court, is properly denied as the Court is not a repository for the parties' evidence.

### III. Order

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's objections are overruled and his request for clarification is GRANTED to the extent the above discussion addresses his concerns.

IT IS SO ORDERED.

Dated:   **November 2, 2012**                    /s/ **Sandra M. Snyder**
                                                                        UNITED STATES MAGISTRATE JUDGE