# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>    Plaintiff,<br><br>    vs.<br><br>DERRAL ADAMS, et al.,<br><br>    Defendants.<br>_____/ | 1:09-cv-00205-LJO-SMS (PC)<br><br>ORDER (1) DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE TO REFILING WITHIN NINETY DAYS; (2) GRANTING DEFENDANTS' EXTENSION OF TIME TO FILE MOTION TO COMPEL WITHIN NINETY DAYS; (3) DENYING PLAINTIFF'S MOTION TO SHORTEN RESPONSE TIME; AND (4) REQUIRING PARTIES TO MEET AND CONFER WITHIN FORTY-FIVE DAYS<br><br>(Doc. 167, 169, 173.) |

### Order re Discovery

**I.  Introduction**

    Plaintiff, Barry Louis Lamon ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding on the Complaint, filed February 2, 2009, on Plaintiff's claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for excessive use of force and deliberate indifference to a threat to Plaintiff's safety in violation of the Eighth Amendment and for retaliation in violation of the First Amendment.

    Plaintiff filed a timely motion to compel.  (Doc. 167.)  Defendants filed an opposition to which Plaintiff replied.  (Docs. 171, 172.)  Defendants filed a motion for an extension of time

to file a motion to compel which Plaintiff has opposed.[1] (Docs. 169, 170.) Plaintiff filed a motion for the court to shorten the response time to motions in this action, to which Defendants have not responded. (Doc. 173.)

## II. Discussion

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

If the propounding party receives responses to discovery that are insufficient, he or she may move to compel further responses. Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *E.g.*, Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D.Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

The Court is vested with broad discretion to manage discovery. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Survivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). In this

---

[1] While this motion was not filed on or before the amended discovery deadline, it is properly considered since Plaintiff was granted extensions to respond to their discovery which prevented them from receiving his responses until after the discovery deadline had lapsed. Defense counsel filed a request for an extension of time shortly after receipt of Plaintiff's deficient responses.

instance, the Court's resources have been drawn to other tasks, causing this case to languish, while scheduling deadlines approached and passed. Plaintiff filed a motion to compel further responses to his discovery requests (Doc. 167); Defendants filed a request for an extension of time to file a motion to compel, but have not filed any such motion (Doc. 169); Plaintiff filed a motion for the court to shorten the response time to motions in this case (Doc. 173) -- all of which are pending before the Court.[2] While the delay in rulings is undesirable, it was nonetheless unavoidable.

Accordingly, some leave beyond the current discovery deadline is warranted so that all of the parties' discovery concerns may be adequately addressed and resolved prior to consideration of dispositive motions. However, the assistance of and cooperation between the parties is a prerequisite to resolution of the discovery disputes in this case.

To that end, the parties are ordered to meet and confer (either by telephone or in person at defense counsel's option) in an attempt to resolve all of their discovery disputes without court intervention. If Defendants' counsel chooses to meet with Plaintiff via telephone, he/she shall arrange for the telephone conference. Both parties are to engage in their best behavior and are expected to act in good faith to understand and provide information that the other side is seeking. The parties may not request discovery responses beyond that which was allowed in the Order Amending the Scheduling Order (Doc. 150).

In part, the Court is concerned about any non-production of relevant documents on the ground that documents are equally available to Plaintiff and/or that Defendants are not required to incur photocopy costs. That documents are equally available to Plaintiff is not necessarily a sustainable objection or response and in cases such as this, cost shifting may be ordered if the Court determines the documents are subject to production and Plaintiff has no ability to obtain

---

[2] It is noted that Defendants filed a motion for summary judgment and Plaintiff filed a request for an extension of time to file an opposition. (Docs. 175, 176.) These motions will be addressed via separate orders. Though Plaintiff has filed an opposition to Defendant's motion for summary judgment (Docs. 182-185), he will be given opportunity to amend that opposition, or file a new one if desired subsequent to resolution of the discovery disputes addressed in this order.

the copies due to indigency.³  *E.g.*, Ransom v. Johnson, No. 05-cv-00086-OWW-GSA PC, 2010 WL 503128, at *1 (E.D.Cal. Feb. 8, 2010); Thomas v. Hickman, 06-cv-00215-AWI-SMS PC, No. 2007 WL 4302974, at * 19 (E.D. Cal. Dec. 6, 2007).

The Court also expects that the parties will clarify any questions/perceived vagueness/ambiguity as to documents and/or responses being sought betwixt themselves and that documents and/or responses will be produced unless doing so might jeopardize the safety and security of a CDCR facility.  Defense counsel is reminded that the Court is not enamored of hyper technical or constricted reading of a pro se inmate's discovery requests and expects clarification as to Plaintiff's requests (both as interrogatories and for production of documents) to be resolved amongst the parties.  Likewise, Plaintiff is reminded that reference to a document on the Court's docket or in a pleading is not an adequate response to discovery requests.

This meeting between the parties is to take place within forty-five (45) days of the date this order issues.  If the parties are unable to resolve all of their discovery disputes, no more than forty-five (45) days thereafter (i.e. within ninety (90) days from the date this order issues), they may each file a motion to compel, which must comply with the terms of this order in terms of clarity and specificity.

Accordingly, Plaintiff's motion to compel shall be denied without prejudice and Defendants' motion for file a motion to compel shall be granted nunc pro tunc.  Both parties may file to compel further responses solely on issues that they are unable to resolve amongst themselves and only after exerting a genuine effort to informally resolve their differences.

### III.  Order

For the reasons set forth herein, it is ORDERED that:

1. Plaintiff's motion to compel, filed June 4, 2012 (Doc. 167), is DENIED, without prejudice;

2. Defendants' motion for extension of time to file a motion to compel, filed June 8, 2012 (Doc. 169), is GRANTED;

---

³ Resolution of this issue will be dependent upon a finding regarding the availability to Plaintiff and his ability to obtain copies.

3. Within forty-five (45) days from the date of service of this order, the parties shall meet and confer in an attempt to resolve their discovery disputes;

4. The parties have ninety (90) days from the date of service of this order within which to file a motion to compel in compliance with the terms of this order; and

5. Plaintiff's motion for the Court to shorten the response time is DENIED.

IT IS SO ORDERED.

Dated:   **November 12, 2012**                     /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE