# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | 1:09-cv-00205-LJO-SMS (PC) |
| Plaintiff, | ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW OPPOSITION AND FILE AMENDED OPPOSITION IN LIGHT OF SEPARATELY-ISSUED SUMMARY JUDGMENT NOTICE |
| vs. | |
| ADAMS, et al, | |
| Defendant(s). | (Doc. 175 ) |
| / | THIRTY DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. Section 1983. This action is proceeding on Plaintiff's Complaint, filed February 2, 2009, against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for excessive use of force and deliberate indifference to a threat to Plaintiff's safety in violation of the Eighth Amendment and for retaliation in violation of the First Amendment. (Docs. 116, 117, 118, 121.) The Second Informational Order was filed and served on the parties on August 11, 2009. (Doc 12.)

On September 7, 2012, Defendants filed a motion for summary judgment. (Doc. 175.) Plaintiff filed a number of documents in opposition to which Defendants replied. (Docs. 176, 182-186.) The motion was submitted under Local Rule 230(l).

However, in light of the recent decision in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), Plaintiff must be provided with "fair notice" of the requirements for opposing a motion for summary judgment at the time the motion is brought and the notice given in this case some

three years prior does not suffice.[1] The requisite notice is provided by separate concurrently issued order.

It is noteworthy that, despite having filed a motion to compel further responses to discovery, Plaintiff filed what appears to be a full opposition to Defendants' motion for summary judgment – including a memorandum of points and authorities, objections to Defendants' evidence, a supportive declaration, and a statement disputing facts asserted by Defendants as undisputed.  It is also noteworthy that, while Plaintiff requested an extension of time to file his opposition, that request was not based on an inability to oppose due to continuing discovery disputes; rather it was based on Plaintiff's inability to access his legal documents due to various cell transfers, searches, and the like.  Plaintiff did not, either in his opposition or in his request for an extension of time to file it, specify any reasons preventing him from presenting facts essential to justify his opposition.  Fed.R.Civ.P. 56(d).  In fact, while Plaintiff mentions his motion to compel in his opposition, his argument for its consideration is that he needs the further responses to be able to file his own motion for summary judgment – though the time for filing dispositive motions lapsed and Plaintiff did not request an extension.  Thus, it appears that Plaintiff submitted what he believes to be an adequate opposition to Defendants' motion and that the further responses sought in his motion to compel were/are not essential to his opposition of Defendants' motion for summary judgment.

However, in order to comply with the Woods v. Carey requirements, Plaintiff has three options upon receipt of the notice and this order.  Plaintiff may:  (1) stand on his previously-filed opposition; (2) withdraw it and file an amended opposition after the parties meet and confer and discovery disputes are resolved;[2] or (3) withdraw it and file an amended opposition without

---

[1] The Court notes the comprehensive nature of Plaintiff's existing opposition, but its adequacy is apparently irrelevant.  Plaintiff is entitled to an opportunity to file an amended opposition following "fair notice" to him of the requirements for opposing a summary judgment motion.  Woods, 684 F.3d 934.

[2] If Plaintiff chooses this option, a filing deadline will be set subsequent to resolution of any discovery disputes that are not resolved informally when the parties meet and confer.

waiting for resolution of the discovery disputes among the parties.

    Accordingly, it is HEREBY ORDERED that:

1. If Plaintiff chooses to withdraw his previously-filed opposition to Defendants' motion for summary judgment and to file an amended opposition without waiting for resolution of discovery disputes, he must do so within **thirty (30) days** from the date of service of this order;

2. If Plaintiff chooses to withdraw his previously-filed opposition to Defendants' motion for summary judgment and to file an amended opposition subsequent to resolution of discovery disputes, he must file a statement indicating as much within **thirty (30) days** from the date of service of this order and a new deadline for the filing of his amended opposition will be set subsequent to resolution of discovery disputes;

3. If Plaintiff does not either file an amended opposition, or a statement indicating his desire to do so after resolution of discovery disputes in response to this order, his existing opposition will be considered in resolving Defendants' motion for summary judgment; and

4. If Plaintiff elects either of the options to file an amended opposition, Defendants' existing reply will not be considered and they may file an amended reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

**Dated:**   November 12, 2012         /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE