# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO. 1:09-cv-00205-LJO-SMS PC |
| Plaintiff, | ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND DENYING HIS MOTION FOR RECONSIDERATION |
| v. | |
| ADAMS, et al., | (Docs. 193) |
| Defendants. | |

Plaintiff, Barry Louis Lamon ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding on the Complaint, filed February 2, 2009, only on Plaintiff's claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for excessive use of force and deliberate indifference to a threat to Plaintiff's safety in violation of the Eighth Amendment and for retaliation in violation of the First Amendment.

On November 21, 2012, Plaintiff filed a document responding to, objecting to, and seeking that the undersigned reconsider three recent orders that issued on November 13, 2012 (Docs. 189, 190, 191) in this case. (Doc. 193.)

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. However, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and

1 circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).
2 Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different
3 facts or circumstances are claimed to exist which did not exist or were not shown upon such prior
4 motion, or what other grounds exist for the motion," and "why the facts or circumstances were
5 not shown at the time of the prior motion."

7      "A motion for reconsideration should not be granted, absent highly unusual
8 circumstances, unless the district court is presented with newly discovered evidence, committed
9 clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
10 raise arguments or present evidence for the first time when they could reasonably have been
11 raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571
12 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in
13 original).
14      The first order ("the First Order") to which Plaintiff responds/objects/seeks
15 reconsideration ordered the parties to meet and confer regarding their discovery disputes; allowed
16 both sides to file a motion to compel within ninety days on any discovery disputes that they
17 cannot work out amongst themselves; denied Plaintiff's motion to compel without prejudice to
18 refiling within ninety days; and granted Defendants' extension of time to file a motion to compel
19 within ninety days. (Doc. 189.)  The First Order imposed the requirement of conferring on the
20 parties in this action similar to that which is routinely required of litigants in regular civil actions
21 in this court. *See* L.R. 251.  Contrary to Plaintiff's reading of it, the First Order does not allow
22 either side to propound new/additional discovery and neither side need provide each other that
23 which has previously been produced.  Rather, the First Order issued to bring the parties together
24 to attempt informal resolution of their discovery disputes as to further/additional responses that
25 they desire from each other (i.e. the subject of motions to compel).
26      The second order ("the Second Order") to which Plaintiff responds/objects/seeks
27 reconsideration merely notified Plaintiff of the rights and requirements for opposing a motion for
28 summary judgment as required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).  (Doc. 190.)

1    Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), the Court must ensure that Plaintiff, a
2    pro se inmate, receives this notice near the time a motion for summary judgment is filed against
3    him and before a ruling thereon is made.  While Plaintiff is correct that Defendants included a
4    version of such notice with their motion for summary judgment (Doc. 175-1), it did not contain
5    all of the information that is in the version from the court (Doc. 190).  Plaintiff was fortunate to
6    be served with both versions of notice so that he might be fully informed of the requirements to
7    adequately oppose Defendants' motion for summary judgment (Doc. 175).  Plaintiff's objection
8    that the Second Order "has provided the defendants to, basically, do infinite (it would seem)
9    summary judgment motions or to do them until . . . they get them right" (ellipsis in original) is
10   wholly without merit.  The Second Order only applies to Plaintiff to ensure he has adequate
11   information to oppose a defense motion for summary judgment – it has no effect whatsoever on
12   Defendants.  There is nothing about the Second Order that is adverse to Plaintiff in any way.  The
13   Second Order does not allow Defendants to file any further motion(s) for summary judgment.

14   The third order ("the Third Order") to which Plaintiff responds/objects/seeks
15   reconsideration gave Plaintiff three options regarding his opposition to Defendants' motion for
16   summary judgment: (1) to stand on the opposition he previously filed; (2) to file a notice within
17   thirty days of the service of that order that he desired to withdraw the opposition that he
18   previously filed and to file a new opposition after the discovery disputes are resolved (as
19   addressed in the First Order); or (3) to withdraw the opposition that he previously filed and to file
20   a new opposition within thirty days of the service of that order without waiting for resolution of
21   the discovery disputes.  (Doc. 191.)  Plaintiff's argument that the Third Order allows Defendants
22   to file a third motion for summary judgment which will "strategize [sic] around [Plaintiff's]
23   latest argument and evidence in opposition" could not be farther from the truth.  To the contrary,
24   the Third Order gives Plaintiff the option to change his strategy in opposing Defendants' most
25   recent motion for summary judgment (Doc. 175) -- to which Defendants are bound.

26   Plaintiff has not shown any new or different facts or circumstances, newly discovered
27   evidence, commission of clear error, or an intervening change of law to support his motion.
28   Rather, it appears that Plaintiff has entirely misread the three orders he seeks to challenge – all of

1 | which issued for his benefit.

2 |       Accordingly, IT IS HEREBY ORDERED that, to the extent that the document Plaintiff
3 | filed November 21, 2012 (Doc. 193) objects to the three orders that issued on November 13,
4 | 2012 (Docs. 189, 190, 191), it is OVERRULED; and to the extent that the document Plaintiff
5 | filed November 21, 2012 (Doc. 193) seeks reconsideration of the three orders that issued on
6 | November 13, 2012 (Docs. 189, 190, 191), it is DENIED.

8 | IT IS SO ORDERED.

9 | **Dated:   December 11, 2012**          /s/ Sandra M. Snyder
                                                              UNITED STATES MAGISTRATE JUDGE