# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>   Plaintiff,<br><br>   v.<br><br>ADAMS, et al.,<br><br>   Defendants. | Case No. 1:09-cv-00205-LJO-SMS (PC)<br><br>GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES<br><br>(ECF No. 209)<br><br>TWENTY (20) DAY DEADLINE |

**Order on Plaintiff's Motions to Compel Further Discovery Responses and for Sanctions**

Barry Louis Lamon ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding on the Complaint, filed February 2, 2009, only on Plaintiff's claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for excessive use of force and deliberate indifference to a threat to Plaintiff's safety in violation of the Eighth Amendment and for retaliation in violation of the First Amendment.

Plaintiff is proceeding against Defendants Valdez, Lee, Ponce, Purvis, Baer, and Buenos for use of excessive force during an incident when he was laying prone for refusing to get in a wheelchair for transport to the ACH for his medications (ECF No. 1, Compl., ¶¶ 39-42) and for a cell-change to intentionally house Plaintiff with known rival gang members, subsequent placement on strip cell status, deprivation of his property for three days (id., at ¶ 51) which was missing a variety of his items when returned to him (id., at ¶¶ 48-50) all in retaliation for his filing of inmate grievances and civil

suits. (ECF No. 111, Re-screening F&R, 6:21-7:3.) Plaintiff is also proceeding against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis on a claim of deliberate indifference to his personal safety under the Eighth Amendment for intentionally housing him with known rival gang members (Id., at 8:13-16.)

On April 26, 2013, Plaintiff filed a motion to compel further discovery responses and for sanctions. (ECF No. 209.) Defendants filed an opposition on May 13, 2013. (ECF No. 210.) Despite lapse of more than sufficient time, Plaintiff did not file a reply.

## I.     Plaintiff's Motion to Compel

Plaintiff seeks further responses to his discovery requests numbered 10, 12, 13, and 17. Due to the convoluted course of this case and in an effort to truncate further proceedings, Defendants were previously ordered to respond to Plaintiff's discovery requests both as interrogatories and requests for production of documents. Thus, both forms of discovery are contained in the present motion and are addressed together herein. As to both forms of discovery, if Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant, and why Defendants' objections are not justified.

### A.     Interrogatories -- Standards

Plaintiff is entitled to seek discovery of any non-privileged matter that is relevant to his claims. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. Id. The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason, *e.g.*, Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008), and hyper-technical, quibbling, or evasive objections are not viewed with favor.

2

A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained, or the response provided needs correction. Fed. R. Civ. P. 26(e).

### B.      Request for Production of Documents -- Standards

Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).  Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.1995). Accordingly, a party may be required to produce documents turned over to an agent, such as its attorney or insurer. *E.g.*, Henderson v. Zurn Indus., 131 F.R.D. 560, 567 (S.D. Ind.1990).  The party responding to requests for production likewise has a duty to supplement any responses if the information sought is later obtained, or the response provided needs correction. Fed. R. Civ. P. 26(e).

**Plaintiff's Request Number 10:**
State the procedures in effect during June, 2008 at Corcoran Prison 4A
Facility SHU for staff to initiate Corcoran Emergency Preparedness
Planning and Response in the absence of their regularly-assigned SHU
Lieutenant, Facility Captain, Watch-Commander and/or Administrator of
the Day ("AOD") during implemation [sic] of the purposes and objectives
of the Warden, Chief Deputy Warden, and Associate Warden-SHU,
including the directives, policies, and practices that permits a SHU
sergeant to act in the capacity of the SHU-Lieutenant when three (3)
sergeants are physically present and are faced with a clear and present
goal of fulfilling the multiple mission within the IV-A and IV-B SHU
consistent with the specific guidelines mandated by the California Code of
Regulations (CCR) Title 15, Division 3, Chapter #1, Rules and
Regulations and Departmental Operations Manual (DOM).

**Defendants' Initial Response:**
Objection. Compound, overly broad, vague and ambiguous as stated,
and unintelligible. It is not clear what plaintiff is requesting. Further,
responding parties cannot answer this request without knowing to which
"purposes and objectives," "multiple mission," and "specific guidelines"

3

plaintiff is referring. This is not a request for production of documents; therefore, no documents will be produced for this request

**Defendants' Supplemental Response:**
Objection. Compound, overly broad, vague and ambiguous as stated, and unintelligible. It is not clear what plaintiff is requesting. Further, responding parties cannot answer this request without knowing to which "purposes and objectives," "multiple mission," and "specific guidelines" plaintiff is referring. Additionally, this is not a request for production of documents. Without waiving the objections, responding parties answer as follows: If plaintiff is referring to a Security Housing Unit (SHU) policy at CSP-Corcoran which provides that in the in the absence of a lieutenant, three sergeants may act on behalf and/or instead of a lieutenant, no documents can be produced because no such policy exists.

**Ruling:** Defendants cannot be forced to produce or describe a policy which does not exist. Defendants have satisfied the Court that they have exhausted available resources to determine that the policy Plaintiff appears to seek in this request does not exist. Plaintiff's motion to compel further response to his discovery request number 10 is denied.

**Plaintiff's Request Number 12:**
If Plaintiff Barry Louis Lamon was moved from cell 4A4R-06 to 4A4L-64 on June 07, 2008, state the name of the prison official who authorized the move on the CDCR SHU Inmate Cell Placement/Movement Form No. GA154 pursuant O.P. 222, section 520(B)(1). Produce copy of this form.

**Defendants' Response:**
Responding parties do not have possession, custody, or control of Plaintiff's June 07, 2008 GA 154 form. As a result, responding parties submitted a request to obtain it. Responding parties were informed that the June 07, 2008 GA 154 form no longer exists, and that GA 154 forms are only kept for one (1) year and then they are destroyed. As a result, no documents will be produced for this request

**Ruling:** Defendants cannot be forced to produce a form which no longer exists. Defendants have satisfied the Court that they have exhausted available resources to determine that the form Plaintiff seeks in this request has been destroyed and no longer exists. Plaintiff's motion to compel further response to his discovery request number 12 is denied.

**Plaintiff's Request Number 13:**
If Plaintiff Barry Louis Lamon was moved from cell 4A4R-06 to 4A4L-64 on June 07, 2008, state the name of the prison official that took control of Lamon's property and completed a CDCR Inmate Property Inventory Form No. 1083 as required by Corcoran O.P. No. 806 and Article 43 of the CDCR D.O.M. Produce a [sic] authentic copy of the 1083 form.

4

**Defendants' Response:**
Objection. Compound. Without waiving the objection, responding parties answer as follows: Responding parties do not have possession, custody, or control of plaintiff's CDCR 1083 form. As a result, responding parties submitted a request for the June 7, 2008 form. Responding parties were informed that plaintiff's June 7, 2008 property receipt could not be found; therefore, no documents will be produced for this request.

**Ruling:** Defendants cannot be forced to produce a form which cannot be located or otherwise no longer exists. Defendants have satisfied the Court that they have exhausted available resources to determine that the form and information Plaintiff seeks in this request cannot be located and no longer exists. Plaintiff's motion to compel further response to his discovery request number 13 is denied.

**Plaintiff's Request Number 17:**
If you agree that Plaintiff Barry Louis Lamon made allegations against one or more of the Defendants to this action for using excessive force on me on June 07, 2008, including any staff complaint/Inmate Appeals, state the full context and nature of the staff response to Plaintiff's complaint, including videotaped use of force investigation pursuant to Corcoran O.P. No. 202. If these procedures are set forth in any directive, policy, or other document, produce an authentic copy of the document.

**Defendants' Response to Request No. 17 (Interrogatory):**
Objection. Compound, and overly broad. Objection is also made pursuant to California Evidence Code §§1040, 1043 and 1045, and Penal Code §832.7. Additionally, objection is made because this request seeks information protected by the official information privilege. See *Kerr v. United States District Court for the Northern District of California*, 511 F.2d 192, 198 (9th Cir.1975). Without waiving the objections responding parties, answer as follows: Plaintiff submitted an inmate appeal (log #08-3268) regarding his allegations of excessive force against the defendants. As a result, a confidential inquiry was conducted into the allegations. Plaintiff was provided the results of the inquiry in the second and director's level decisions to his inmate appeal (log #08-3268) to which he can refer.

**Defendants' Response to Request No. 17 (Request for Production):**
Objection. Compound, and overly broad. Objection is also made pursuant to California Evidence Code §§1040, 1043 and 1045, and Penal Code §832.7. Additionally, objection is made because this request seeks information protected by the official information privilege. See Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir.1975). Without waiving the objections, responding parties have previously produced Operational Procedure No. 202, §VI (Q),

and inmate appeal, log #08-3268, and the responses thereto. Responding
parties will not produce the Confidential "Appeal Inquiry" to appeal log
#08-3268. As previously informed, confidential inquiries and the details of
an inquiry are not shared with inmates. Appeal inquiries are confidential in
order to prevent inmates from receiving information that, if possessed by
an inmate, would pose a threat of safety and security to the institution.

**Ruling:** Plaintiff is entitled to information and evidence contained in the investigation into the incident which is the subject of this action.  However, the Court recognizes that release of some such documents to inmates may raise safety and security issues.  Thus, in order to balance these competing interests, Plaintiff's request to compel further response is granted in as much as Defendants are ordered, within twenty (20) days of the issuance of this order, to submit a copy of the Confidential "Appeal Inquiry" to appeal log #08-3268 referred to in their response to the Court for *in camera* review to ascertain whether safety/security issues exist and/or whether a copy of the document can safely be redacted for production to Plaintiff.

## II.     Plaintiff's Request for Sanctions for an Untimely Response

Plaintiff contends that Defendants should be subjected to sanctions for failing to comply with the Court's previous orders to provide the desired information and that any of the information that he has desired, which has been withheld bears a substantial prejudice to his ability to present his case at trial such that those items should "be established or deemed established such that Defendants are and/or will not be permitted to defend from them."  Defendants have shown that they made a good faith effort to obtain the documents/information which Plaintiff seeks in the discovery requests at issue in this motion. Although Rule 37(b) applies to all failures to comply with court orders, whether willful or not, presence or lack of good faith in the parties is relevant to orders which issue and the severity of the sanctions (if any) imposed.  See B.F. Goodrich Tire Co. v. Lyster, 328 F.2d 411 (5th Cir. 1964) *citing* Societe Internationale Pour Participations Industrielles v. Rogers, 357 U.S. 197, 207 (1958).  There is no basis for the Court to find that Defendants have acted in bad faith.  Any request

6

for monetary sanctions that Plaintiff might have desired is denied. However, while the items that Plaintiff is desiring cannot be "deemed established" for purposes at trial, it is the usual practice of this Court not to allow parties to utilize documents and/or items at trial which were not produced in discovery. There is no basis for deviation from that practice in this case.

### III. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel further responses to discovery request numbers 10, 12, 13 is DENIED;

2. Plaintiff's motion to compel further response to request number 17 is GRANTED, subject to the limitations that Defendants are to submit a copy of the Confidential "Appeal Inquiry" to appeal log #08-3268 is to the Court for *in camera* review;[1]

3. Within twenty (20) days of the date of this order, Defendants are to submit a copy of the Confidential "Appeal Inquiry" to appeal log #08-3268 to the Court for *in camera* review; and

4. Plaintiff's request for sanctions is DENIED.

IT IS SO ORDERED.

Dated: __June 18, 2013__          /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] If there are safety and security issues presented in this document, the Court will ascertain whether a redacted version can be produced for Plaintiff's use.