# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADAMS, et al.,<br><br>　　　　Defendants. | Case No. 1:09-cv-00205-LJO-SMS (PC)<br><br>ORDER DIRECTING DEFENDANTS TO RESPOND RE CONFIDENTIAL INQUIRY SUBMISSION<br><br>(ECF No. 212)<br><br>TWENTY (20) DAY DEADLINE |

Barry Louis Lamon ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding on the Complaint, filed February 2, 2009, only on Plaintiff's claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for excessive use of force and deliberate indifference to a threat to Plaintiff's safety in violation of the Eighth Amendment and for retaliation in violation of the First Amendment.

Plaintiff is proceeding against Defendants Valdez, Lee, Ponce, Purvis, Baer, and Buenos for use of excessive force during an incident when he was laying prone for refusing to get in a wheelchair for transport to the ACH for his medications (ECF No. 1, Compl., ¶¶ 39-42) and for a cell-change to intentionally house Plaintiff with known rival gang members, subsequent placement on strip cell status, and deprivation of his property for three days (id., at ¶ 51) which was missing a variety of his items when returned to him (id., at ¶¶ 48-50) all in retaliation for his filing of inmate grievances and civil suits. (ECF No. 111, Re-screening F&R, 6:21-7:3.) Plaintiff is also proceeding against

Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis on a claim of deliberate indifference to his personal safety under the Eighth Amendment for intentionally housing him with known rival gang members (Id., at 8:13-16.)

On April 26, 2013, Plaintiff filed a motion to compel further discovery responses and for sanctions (ECF No. 209) which resulted in, among other things, Defendants being ordered to submit a copy of the Confidential "Appeal Inquiry" to appeal log #08-3268 to the Court for *in camera* review (ECF No. 211) with which Defendants timely complied (ECF No. 212).

Upon review, the Court is unable to ascertain any confidential information in the document and/or any safety/security issues that would arise from its disclosure to Plaintiff.

Accordingly, it is HEREBY ORDERED that, within twenty (20) days of the issuance of this order, Defendants are to submit the basis for the confidentiality assertion and the safety/security objection they raised to Plaintiff's request for production of documents for *in camera* review.[1]

IT IS SO ORDERED.

Dated:   **July 17, 2013**             /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Defense counsel is advised that, should they continue to desire to keep this document from being disclosed to Plaintiff, declarations under penalty of perjury from persons with specific knowledge on these issues are required (i.e. a mere statement from defense counsel will not suffice).