# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>        Plaintiff,<br><br>    v.<br><br>ADAMS, et al.,<br><br>        Defendants. | Case No. 1:09-cv-00205-LJO-SMS (PC)<br><br>ORDER DIRECTING DEFENDANTS TO RESPOND RE WITHDRAWAL OF THEIR MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 175)<br><br>SEVEN (7) DAY DEADLINE |

Barry Louis Lamon ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding on the Complaint, filed February 2, 2009, on his claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for excessive use of force and deliberate indifference for Plaintiff's safety in violation of the Eighth Amendment and for retaliation in violation of the First Amendment.

A defense motion for summary judgment ("the Motion") is currently pending before this Court. (ECF No. 175.) Plaintiff has filed an opposition to which Defendants replied. (ECF Nos. 218, 220.) On cursory review, both the moving and opposing papers for this motion are seriously deficient such that opportunity is given for withdrawal and new filing of both moving and opposing papers.

This case has proceeded through more than a slightly convoluted course. Originally, this case proceeded on Plaintiff's claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for use of excessive force, deliberate indifference to a threat to Plaintiff's safety, and retaliation; and

against Defendants Adams, Junious, Da Viaga, and Callow for deliberate indifference to a threat to Plaintiff's safety. (ECF Nos. 7, 8, 9.) The first Discovery and Scheduling Order issued in this case on October 27, 2009. (ECF No. 17.) Therein, the discovery cut-off date was set at June 27, 2010, with September 7, 2010 set as the dispositive motion deadline. (*Id*.) The parties engaged in discovery, multiple discovery disputes arose, and dispositive motions were filed. (*See* ECF Nos. 24, 26, 28, 31, 34, 37, 39, 40, 43, 46, 49, 55, 56, 63, 67, 74, 75, 76, 84, 90, 94, 101, 102, 103.)

A telephonic status conference was held on April 27, 2011. In that conference, the parties and the Court discussed the multiple pending motions and the stricter pleading standards which were ushered in by the decision of the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 126 S.Ct. 1937 (2009), *see Moss v. U.S. Secret Service*, 572 F.3d 962, 968-69 (9th Cir. 2009). This conference was held to apprise the parties that the case had been assigned to a new magistrate judge and would be re-screened. Since the rescreening would most surely narrow Plaintiff's claims, the Court did not have the resources to delve through all of the pending discovery motions to ascertain which would remain relevant, and the parties would be given opportunity to advise the Court as to what discovery remained necessary subsequent to the re-screening of the Complaint. An Order Following Telephonic Status Conference issued ("the TSC Order"). (ECF No. 109.)

Subsequently, the case was re-screened ("the Re-screening Order"). (ECF No. 111.) After his objections to the new screening order were overruled and reconsideration was denied, Plaintiff elected to proceed on the claims found cognizable upon re-screening. (ECF Nos. 116, 117, 118, 121.)

The parties were ordered to submit statements delineating what, if any, further discovery remained necessary in this case. (ECF Nos. 109, 121.) These orders did not re-open discovery, but rather issued on the premise that significant dispute existed -- including whether Plaintiff's responses to Requests for Admissions ("RFAs") propounded by Defendants resulted in automatic admissions. The intent behind the orders (ECF Nos. 109, 121) was to ascertain whether discovery in this case should be re-opened based on whether, in light of the re-screening of the Complaint, any discovery disputes remained and what, if any, further discovery the parties desired to propound -- limited solely to pursuit and/or defense of the remaining claims in the case.

Plaintiff filed his statement of discovery needed ("Plaintiff's Discovery Statement") on June 29, 2011. (ECF No. 123.) Defendants filed their statement of discovery needed ("Defendants' Discovery Statement") on June 30, 2011. (ECF No. 122.) Defendants filed their response to Plaintiff's Statement on July 8, 2011. (ECF No. 125.) Plaintiff filed his corresponding reply on September 19, 2011. (ECF No. 134.) Instead of filing a response to Defendants' Discovery Statement, on July 13, 2011, Plaintiff filed a document identified as his objections and motion to strike Defendants' Discovery Statement. (ECF No. 127.) While Plaintiff's motion to strike Defendants' Discovery Statement was denied and his objections were disregarded, they were construed as Plaintiff's opposition/response to Defendants' Discovery Statement. (ECF No. 144.) Subsequently, an order amending the scheduling order issued which reopened limited discovery and extended the discovery deadline (including motions to compel) to June 1, 2012 and extended the deadline for filing pre-trial dispositive motions to September 7, 2012 ("the Amd/Sch.O"). (ECF No. 150.) Defendants filed the Motion on September 7, 2012.[1] (ECF No. 175.)

The parties filed various discovery motions[2] which were not able to be addressed and ruled on prior to the time that Defendants filed the Motion.[3] (ECF Nos. 167, 169, 173.) Given this unfortunate sequence, the parties were ordered to meet and confer to attempt to resolve their discovery disputes without court intervention, leave was granted for filing motions to compel on discovery disputes that the parties were unable to resolve, and dispositive motions would be considered subsequent to resolution of all discovery disputes. (ECF No. 189.) An amended Second Information Order issued and provided Plaintiff with notice and warning of the requirements for opposing a motion for

---

[1] The Motion was filed while discovery disputes were pending and Defendants indicated that summary judgment could not be sought on one of Plaintiff's claims until a discovery dispute had been resolved. (ECF No. 175-2, MSJ P&A, p. 2 n.6.)

[2] Plaintiff filed a motion to compel further responses to his discovery requests (ECF No. 167); Defendants filed a request for an extension of time to file a motion to compel (ECF No. 169); and Plaintiff filed a motion for the court to shorten the response time to motions in this case (ECF No. 173). It is noted that the request for an extension of time to file a motion to compel which Defendants' reference in their motion (ECF No. 169) was granted (ECF No. 189) and was intended to be one of the discovery disputes informally resolved by the parties when they met and conferred. It appears that Defendants have received any such needed discovery responses from Plaintiff as they did not file any motion to compel further responses after the parties met for informal resolution.

[3] It is also noteworthy that, at least part of the delay in ruling on the discovery motion was attributable to Plaintiff filing numerous motions for reconsideration, objecting to orders, or seeking extensions of time to respond either to the Court or opposing counsel. (ECF Nos. 145, 146, 153, 154, 156, 158, 161, 162.)

summary judgment. (ECF No. 190.) By separate order, Plaintiff was given the option to make one of three choices: (1) to withdraw his previously filed opposition to the pending motion for summary judgment and file an amended opposition without awaiting resolution of the discovery disputes; (2) to withdraw his previously filed opposition to the pending motion for summary judgment and file an amended opposition subsequent to resolution of the discovery disputes; or (3) stand on his previously filed opposition.[4] (ECF No. 191.)

Plaintiff responded to each of these three orders by objecting and/or seeking reconsideration. (ECF No. 193.) Extensions of time for the parties to meet and confer and for subsequent filing of motions to compel were sought and granted partially due to Plaintiff being repeatedly moved to different facilities. (ECF Nos. 196, 197, 198, 199, 200, 201, 202, 205, 206.) Subsequent to the parties meeting and conferring, Plaintiff filed a motion to compel which required *in camera* review, but has been recently resolved. (ECF Nos. 209, 210, 211, 212, 213, 219, 221.) Since the vast majority of discovery disputes had been resolved, an amended second informational order providing notice and warning to Plaintiff of the requirements to oppose a motion for summary judgment issued. (ECF No. 214.) Plaintiff was moved to yet another facility (ECF No. 217) and then filed an amendment *to* his opposition[5] to Defendants' motion for summary judgment to which Defendants recently replied (ECF Nos. 218, 220).

On cursory review, it appears that neither side of this case has put their best foot forward -- both due their own insufficient efforts and due to sequences of events beyond their control.

If the Motion is addressed as submitted, while their burden may have been met to whittle out a portion of a claim or two against a couple of Defendants, none of the Defendants would be entitled to dismissal and subsequent trial will likely be a difficult quagmire to sort out and present to the trier of fact.

---

[4] If Plaintiff chose either option to file an amended opposition, Defendants would be given opportunity to file an amended reply as well. (ECF No. 191.)

[5] It is also noteworthy that Plaintiff was given leave to withdraw his previously filed opposition and file a new, amended opposition -- which was to be whole and complete in and of itself. (ECF No. 191.) However, Plaintiff did not comply with the Court's order and instead filed a mere amendment *to* his opposition which referred back and relied largely on his previously filed opposition.

4

On the flip side if on detailed review, Defendants are found to have met their moving burden, Plaintiff will not have met his resulting burden as he failed to submit any evidence beyond his own declaration with his amended opposition, but rather generally refers back to numerous, multi-paged documents/exhibits submitted for past motions or other events in the history of this case. The Court is not required and has neither the time nor judicial resources to search through the extensive docket and/or record in the case for documents and/or evidence which Plaintiff should have specified and submitted with his opposition.[6] *See  Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001), *Forsberg v. Pacific N.W. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988), L.R. 260(b). Despite being given numerous notices and warnings of the requirements for opposing a motion for summary judgment (ECF Nos. 12-1, 175-1, 190, 214) in his amended opposition, Plaintiff refers back to his original opposition to this motion (ECF No. 183) which generally relies on a number of multiple paged documents that he filed more than two years ago in this case -- both in opposition to Defendants' first motion for summary judgment and on other issues. (See ECF No. 218, Plntf. Amd. Opp., p.12 ref ECF 183, "SDF Nos. 7, 9-18," ref ECF Nos. 68, 87, 88, 93, 103.)  While the Court sympathizes with the difficulties Plaintiff faces in proceeding pro se, it is still Plaintiff's burden to identify with specificity and submit evidence he intends to rely on. Such generalized references to previously submitted documents as Plaintiff presented in his amended opposition to the Motion are insufficient. Local Rule 260.

Given the inadequacies of both the moving and opposing papers and the unfortunate sequence of events in this case, it seems an unnecessary expenditure of limited and overburdened court

---

[6] If Defendants elect to withdraw the Motion and file anew, Plaintiff must attach copies of any documentary exhibits that he refers to, identifies, and provides argument for to present a new, adequate opposition. General reference to documents previously filed in this case is insufficient. Plaintiff is reminded that, "even if an affidavit is on file, a district court need not consider it in opposition to summary judgment unless it is brought to the district court's attention in the opposition to summary judgment." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). In other words, the Court will not consider any affidavits, declarations, or other documents as evidence in support of Plaintiff's opposition unless Plaintiff, in an opposition brief, identifies what the documents are and where they came from, cites to the particular pages and relevant portions thereof that support his opposition, and sets forth arguments explaining how each document supports the arguments and allegations made in his brief. "[A] district court is 'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Id.* (*quoting Forsberg v. Pacific N.W. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). Although a Court may consider materials that are not cited, *see* Federal Rule of Civil Procedure 56(c)(3), materials submitted that are not specifically cited and accompanied with arguments explaining how the cited materials support a position need not be considered.

resources to review and rule on a dispositive motion that does not address a claim because discovery disputes were not resolved when it was filed. This is particularly poignant since that claim comprises both an individual 8th Amendment claim and is alleged as an adverse action to support a retaliation claim under the 1st Amendment. Ruling on the Defendants' motion for summary judgment as it currently exists will drain judicial resources to only accomplish, at most, a narrowing of a few claims against a few of the Defendants which may serve no purpose other than to create confusion for the ultimate trier of fact.

While unusual, it seems the more reasonable course, that both sides of this case would be better served, and their positions could be better presented and analyzed, via Defendants withdrawing the Motion (ECF No. 175) and receiving sufficient time (60 days) to file a new motion for summary judgment with Plaintiff receiving a similar amount of time (60 days as well as extensions if needed) to file an appropriate, self-contained, all inclusive opposition. From this Court's experience on this case, both sides have evidence available to them that either was not submitted, or was not properly submitted for consideration in ruling on the Motion.[7] It is well within the discretion of this Court in managing its calendar under a burgeoning case load to offer an option to parties from which neither side will be prejudiced and upon which both sides are likely to better present their issues and evidence for dispositive consideration.

Accordingly, it is HEREBY ORDERED that, within seven (7) days of the issuance of this order, Defendants are to submit a statement advising whether they desire to withdraw their pending motion for summary judgment (ECF No. 175) and file a new motion within sixty (60) days of the date they file their statement, or if they would prefer to stand on the Motion as submitted.[8] If Defendants

---

[7] Note Plaintiff's insufficient submission of evidence in response to the Motion and Defendants' reliance on poorly phrased and ineffectual declarations such as those submitted by Defendants Baer and Valdez that they have "not seen" any records that indicate they placed Plaintiff on strip-cell status. Such statements may be considered purely to establish that any such documents have not been traipsed before their eyes, but cannot be extended to establish Defendants' personal knowledge that they were definitively not involved in any such decision and/or that no such documents exist. FRE 602; FRE 56(e).

[8] Plaintiff is not being given the opportunity to make an election as his current opposition is woefully insufficient and he will not be prejudiced if Defendants elect to file a new motion for summary judgment -- particularly since it is this Court's intent to be lenient with any extensions of time that he might need to submit a full and complete opposition to the new motion.

withdraw the Motion, Plaintiff will be granted sixty (60) days from the date Defendants file a new motion for summary judgment to file a new opposition with all evidence he intends to rely on attached thereto.

IT IS SO ORDERED.

Dated: __**September 5, 2013**__        _____/s/ Sandra M. Snyder_____
                                              UNITED STATES MAGISTRATE JUDGE