# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>           Plaintiff,<br><br>      v.<br><br>ADAMS, et al.,<br><br>           Defendants. | Case No. 1:09-cv-00205-LJO-SMS (PC)<br><br>ORDER RE *IN CAMERA* REVIEW OF CONFIDENTIAL "APPEAL INQUIRY" TO APPEAL LOG #08-3268 TO PLAINTIFF<br><br>TWENTY (20) DAY DEADLINE |

Barry Louis Lamon ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding on the Complaint, filed February 2, 2009, only on Plaintiff's claims against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis for excessive use of force and deliberate indifference to a threat to Plaintiff's safety in violation of the Eighth Amendment and for retaliation in violation of the First Amendment.

Plaintiff is proceeding against Defendants Valdez, Lee, Ponce, Purvis, Baer, and Buenos for use of excessive force during an incident when he was laying prone for refusing to get in a wheelchair for transport to the ACH for his medications (ECF No. 1, Compl., ¶¶ 39-42) and for a cell-change to intentionally house Plaintiff with known rival gang members, subsequent placement on strip cell status, deprivation of his property for three days (*id.*, at ¶ 51) which was missing a variety of his items when returned to him (*id.*, at ¶¶ 48-50) all in retaliation for his filing of inmate grievances and civil suits. (ECF No. 111, Re-screening F&R, 6:21-7:3.) Plaintiff is also proceeding against Defendants Baer, Valdez, Buenos, Lee, Ponce, and Purvis on a claim of deliberate indifference to his personal

1

safety under the Eighth Amendment for intentionally housing him with known rival gang members (*Id.*, at 8:13-16.)

On April 26, 2013, Plaintiff filed a motion to compel further discovery responses and for sanctions. (ECF No. 209.) Defendants filed an opposition on May 13, 2013. (ECF No. 210.) Despite lapse of more than sufficient time, Plaintiff did not file a reply. On June 19, 2013, Plaintiff's motion to compel was granted in part and denied in part. (ECF No. 211.) In that order, Defendants were ordered to submit a copy of the "Confidential 'Appeal Inquiry' to appeal log #08-3268" to the Court for *in camera* review to ascertain whether safety/security issues exist and/or whether a copy of the document can safely be redacted for production to Plaintiff (*id.*) with which Defendants complied (ECF No. 212). Upon initial review, the Court was unable to ascertain any confidential information in the document and/or any safety/security issues that would arise from its disclosure. Accordingly, Defendants were ordered to submit the basis for the confidentiality assertion and the safety/security objection they raised in response to Plaintiff's request for production of documents (ECF No. 213) with which Defendants complied (ECF No. 219).

Upon review, the court is unable to ascertain any confidential information in the document and/or any safety/security issues that would arise from the disclosure of the "Confidential 'Appeal Inquiry' to appeal log #08-3268" in this specific case. It is noteworthy that, while raising safety/security objections, Defendants have not filed for protective order. If Defendants still feel that release of the document will jeopardize the safety and security of the facility, they may file a motion for protective order within the next twenty (20) days. In the absence of any such filing, Defendants are to produce a copy of the "Confidential 'Appeal Inquiry' to appeal log #08-3268" to Plaintiff.

Accordingly, it is HEREBY ORDERED that, within twenty (20) days of the issuance of this order, Defendants are to file a motion for protective order if they so desire, or must serve Plaintiff with a true and correct, unredacted copy of the "Confidential 'Appeal Inquiry' to appeal log #08-3268."

DATED:  September 6, 2013

                                                       /s/ Sandra M. Snyder
                                                       U.S. Magistrate Judge Sandra M. Snyder