1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON | Case No. 1:09-cv-00205-LJO-SMS  PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| DERRAL ADAMS, et al., | |
| Defendants. | (Doc. 227) |

        Plaintiff Barry Lamon, a state prisoner proceeding *pro se* and *in forma pauperis*, moves for

reconsideration, pursuant to F.R.Civ.P. 60(b), of two orders of the Magistrate Judge.  The first order

(Doc. 222) permitted Defendants to withdraw their September 7, 2012, motion for summary

judgment in view of subsequent discovery, including evidence that the Court ordered Defendants to

produce in response to Plaintiff's motion to compel.  The second order (Doc. 223) ordered

Defendants to produce to Plaintiff a document entitled "Confidential 'Appeal Inquiry' to Appeal Log

# 08-3268," which the Magistrate Judge reviewed *in camera* and found to include nothing

confidential that would preclude its production.  Plaintiff's motion, which is highly critical of the

Magistrate Judge's management of the case, asserts that the Magistrate Judge impermissibly shifted

the burden of proof in the September 7, 2012, summary judgment motion.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D.Cal. 1996). "[T]here would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate on chances from changes of its members." *Roberts v. Cooper*, 61 U.S. 467, 481 (1857).

To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). A motion for reconsideration is not a vehicle by which a party may rehash arguments and facts that the court has already considered in making the original ruling. *Rodriguez v. SGLC Inc.*, 2013 WL 6844549 (E.D. Cal. December 24, 2013) (No. 2:08-cv-01971-MCE-KJN). "A party seeking reconsideration must show more than a disagreement with the Court's decision." *United States v. Westlands Water District*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001).

Reconsideration is appropriate only if the district court is presented with newly discovered evidence or has committed clear error, or if there is an intervening change in controlling law. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). The motion before the Court does not meet these criteria.

The Court declines to re-examine the Magistrate Judge's case management decisions based solely on Plaintiff's desire to second-guess her conduct of the case. The Court must emphasize, however, that since the Magistrate Judge did not address the substance of Defendants' summary judgment motion, except to note the substantive inadequacy of both parties' briefing of the motion, Plaintiff's contention that the Magistrate Judge impermissibly shifted the burden of proof to him is

irrelevant to the procedural matters that were the substance of Documents 222 and 223. Nonetheless, both parties' argument of Defendants' November 12, 2013, motion for summary judgment will benefit if they carefully consider the Magistrate Judge's observations regarding the shortcomings of their briefing of the prior motion.

Plaintiff assumes that the Magistrate Judge must not have fully reviewed the various materials he submitted in opposition to Defendants' motion, declaring her assessment of his opposition to be illogical, implausible, and without support of reasonable inferences to be drawn from his opposition.  The Magistrate Judge correctly observed that, other than Plaintiff's own declaration, no sufficient evidence supporting Plaintiff's claims was attached.  Plaintiff is reminded that the party opposing a summary judgment motion cannot "'rest upon the mere allegations or denials of the adverse party's pleading' but must produce evidence that 'set[s] forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir.) (*quoting* F.R.Civ.P. 56(e)), *cert. denied*, 129 Sup.Ct. 174 (2008).  Inferences are not drawn from the air, and it is the opposing party's obligation to produce a factual predicate from which the Court may draw the inferences.  *See Sanders v. City of Fresno*, 551 F.Supp.2d 1149, 1163 (E.D.Cal. 2008), *aff'd*, 340 Fed.Appx. 377 (9th Cir. 2009); *UMG Recordings, Inc. v. Sinnott*, 300 F.Supp.2d 993, 997 (E.D. Cal. 2004).  "A genuine issue of material fact does not spring into being simply because a litigant claims that one exists or promises to produce admissible evidence at trial." *Del Carmen Guadalupe v. Negron Acosto*, 299 F.3d 15, 23 (1st Cir. 2002).  Plaintiff denies the Magistrate Judge's observations at his own peril.

Plaintiff's motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

Dated:   __**January 15, 2014**__          ____**/s/ Lawrence J. O'Neill**____
                                                                      UNITED STATES DISTRICT JUDGE

3