# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON<br><br>Plaintiff,<br><br>v.<br><br>DERRAL ADAMS, et al.,<br><br>Defendants. | Case No. 1:09-CV-00205-LJO-SMS  PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION<br><br>(Doc. 228) |

Plaintiff Barry Lamon, a state prisoner proceeding *pro se* and *in forma pauperis*, moves for an order compelling Defendants to produce, in response to his request for production no. 17, a copy of the report of the Institutional Use of Force Committee regarding the June 7, 2008 incident in which Plaintiff alleges that he was subjected to the excessive use of force. Defendants respond that the report, which addressed Defendants' failure to retrieve a video camera to record the incident, is not responsive to the request for production and need not be produced. They add that Plaintiff has long known of the report of the Institutional Use of Force Committee, which Lt. Callow mentioned in his declaration in support of Defendants' September 7, 2010 motion for summary judgment. Doc. 46-11, ¶ 6 at 3-4.

///

///

1

## I.     Procedural Background

The apparent nonexistence of a videotape of the incident in which Plaintiff alleges he was subjected to excessive force has been a matter of concern since the inception of this case. As early as his June 9, 2010 motion to compel (Doc. 39 at 11-12), Plaintiff sought production of the videotape that institutional policies required to made as evidence of the extent of force used. Defendants consistently maintained that there was no video. Doc. 41 at 12. On November 2, 2010, the Magistrate Judge refused to order Defendants to produce a videotape that did not exist, whether or not policy required the creation of such a videotape, but provided for imposition of sanctions if the videotape was later located. Doc. 55 at 9.

In a motion for sanctions filed April 8, 2011, Plaintiff contended that a witness saw one or more of the Defendants videotaping the incident. Doc. 103 at 2. The declaration of the alleged witness of the videotaping, supposedly included as exhibit seven to the motion, was not filed with the Court, however. On April 25, 2011, Defendants responded that sanctions were inappropriate since (1) in its November 2, 2010 order, the Court had found no videotape existed; and (2) Plaintiff had provided no evidence that a videotape had ever existed and been destroyed.

Meanwhile, on May 3, 2011, the Magistrate Judge ordered that the complaint be rescreened under the standards imposed by *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), provided for a subsequent reassessment of outstanding discovery, and declared moot numerous pending motions, including Plaintiff's motion for sanctions (Doc. 103). Doc. 109. On May 12, 2011, Plaintiff objected to the Court's order and moved for reconsideration. Doc. 113. The District Court denied reconsideration on May 16, 2011. Doc. 115.

Following re-screening, on June 29, 2011, Plaintiff filed a statement of discovery needed. Doc. 123. His request for production no. 17 stated:

> If you agree that Plaintiff Barry Lamon made allegations against one or more of the Defendants in this action for using excessive force on me on June 07, 2008,

2

including any staff complaint/Inmate Appeals, state the full context and nature of the staff response to Plaintiff's complaint, including videotaped use of force investigation pursuant to Corcoran O.P. No. 202.  If these procedures are set forth in any directive, policy, or other document, produce an authentic copy of the document.

Doc. 123 at 10.

Defendants responded:

**Request No. 17 (interrogatory).**  Objection.  Compound, and overly broad. Objection is also made pursuant to California Evidence Code §§ 1040, 1043 and 1045, and Penal Code § 832.7.  Additionally, objection is made because this request seeks information protected by the official information privilege.  See Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975).  Without waiving the objections, responding parties answer as follows:  Plaintiff submitted an inmate appeal (log # 08-3268) regarding his allegations of excessive force against the defendants.  As a result, a confidential inquiry was conducted into the allegations.  Plaintiff was provided the results of the inquiry in the second and director's level decisions to his inmate appeal (log # 08-3268) to which he can refer.

**Request No. 17 (Request for Production).**  Objection.  Compound, and overly broad.  Objection is also made pursuant to California Evidence Code §§ 1040, 1043 and 1045, and Penal Code § 832.7.  Additionally, objection is made because this request seeks information protected by the official information privilege.  See Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975).  Without waiving the objections, responding parties have previously produced Operational Procedure No. 202, § VI (Q), and inmate appeal, log # 08-3268, and the responses thereto.  Responding parties will not produce the Confidential "Appeal Inquiry" to appeal log #08-3268  Plaintiff submitted an inmate appeal (log # 08-3268).  As previously informed, confidential inquiries and the details of an inquiry are not shared with inmates. Appeal inquiries are confidential in order to prevent inmates from receiving information that, if possessed by an inmate, would pose a threat of safety and security to the institution.

On June 4, 2012, Plaintiff moved to compel Defendants to produce, among other things, a copy of the internal affairs investigative report created following Plaintiff's allegations of Defendants' use of excessive force.  Doc. 167.  Defendants opposed the motion, contending, in pertinent part, that since Plaintiff's original request had not specifically asked for a copy of the internal affairs report, they should not be required to produce it.  Doc. 171.  They opposed Plaintiff's request for spoliation-of-evidence sanctions, arguing that because no videotape of the June 8, 2008

3

incident existed and because Plaintiff had failed to prove that Defendants had videotaped the incident and later destroyed the videotape, the Court should not sanction them for failing to provide a copy of the videotape. Doc. 171. Plaintiff replied that since the internal affairs investigation was a part of his administrative complaint against Defendants for their use of excessive force, it should have been provided to him as a matter of course. Doc. 172. On November 13, 2012, the Court ordered the parties to meet and confer on all remaining discovery requests and denied Plaintiff's motion without prejudice. Doc. 189.

Although the parties met and conferred regarding discovery on December 26, 2012, Plaintiff was unable to secure the internal affairs report and again moved to compel discovery on April 26, 2013. Doc. 209. According to Plaintiff, Defendants now asserted that no internal affairs report existed, only an appeal inquiry that they deemed confidential and unavailable to inmate litigants. Doc. 209. Defendants responded that no further discovery could be compelled since their responses to interrogatories were complete, their objections were valid, and Plaintiff's request no. 17 had never specifically sought production of a copy of the appeal inquiry. Doc. 210. In an order filed June 19, 2013, the Court rejected Defendants' hypertechnical interpretation of Plaintiff's interrogatories and requests for production and ordered Defendants to produce a copy of the confidential report to the Court for *in camera* review of its confidentiality. Doc. 211.

Following the Court's review, which included a supplemental request for information (Doc. 213), the Court was "unable to ascertain any confidential information in the document and/or any safety/security issues" that would arise from its disclosure. Doc. 223. Accordingly, the Court ordered Defendants to file a motion for protective order or to serve Plaintiff with a true and unredacted copy of the appeal inquiry. Doc. 223. On October 7, 2013, after he had reviewed the appeal inquiry, Plaintiff filed the pending motion, seeking disclosure of the report of the Institutional Use of Force Committee regarding the June 7, 2008 incident that gave rise to this lawsuit. Doc. 228.

## II. Discussion

Plaintiff's contends that the Institutional Use of Force Committee's report falls within his discovery request no. 17. As noted in this Court's June 19, 2013 order, the convoluted course of this action resulted in Plaintiff's discovery requests being treated as both interrogatories and requests for production of documents. *See* Doc. 211 at 2. Consistent with its prior treatment of discovery disputes, the Court will address Plaintiff's motion to compel production of the Committee's report as responsive both to Plaintiff's requests for production and his interrogatories. For both types of discovery request, if Defendants object, Plaintiff's motion to compel must demonstrate that the objection is not justified. This requires Plaintiff to identify the disputed discovery request that is the subject of the motion to compel, inform the Court of the reason the requested information is relevant, and explain why Defendants' objections are not justified.

### A. Standards for Interrogatories

Plaintiff is entitled to seek discovery of any nonprivileged matter that is relevant to his claims. F.R.Civ.P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* The responding party must respond to the interrogatories to the fullest extent possible, stating any objections with specificity. F.R.Civ.P. 33(b)(3) and(4). The responding party shall use common sense and reason, and hyper-technical, quibbling, or evasive objections will be viewed unfavorably. *See, e.g., Collins v. Wal-Mart Stores, Inc.*, 2008 WL 1924935 at *8 (D.Kan. April 30, 2008) (No. 06-2466-CM-DJW).

Although a responding party generally is not required to conduct extensive research to answer an interrogatory, it must make a reasonable effort to respond. *L.H. v. Schwartzenegger*, 2007 WL 2781132 at *2 (E.D.Cal. Sep. 21, 2007). The responding party must supplement its responses if the information sought is later obtained or if the response requires correction. F.R.Civ.P. 26(e).

### B.  **Standards for Requests for Production of Documents**

A party may serve on any other party a request to produce any designated documents that are in the possession, custody, or control of another party.  F.R.Civ.P. 34(a).  Documents are in the possession, custody, or control of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand."  *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995).  This means that a party must produce documents that have been turned over to an agent, such as its insurer or attorney.  *See, e.g., Henderson v. Zurn Industries*, 131 F.R.D. 560, 567 (S.D.Ind. 1990).  The responding party must supplement its responses if information sought is obtained later or if the response provided later needs correction.  F.R.Civ.P. 26(e).

### C.  **Analysis**

The appeal inquiry produced September 25, 2013, refers to and relies in part on an August 1, 2008 report of the Institutional Use of Force Committee, which concluded that the actions of Defendants Baer, Bueno, Lee, Ponce, Puruis, and Valdez in the incident involving Plaintiff on June 7, 2008, were "out of compliance with policy, as this incident should have been handled as a calculated use of force. . . . "  Doc. 228 at 2, *quoting* Appeal Inquiry to App. Log No: CSPC-5-08-00224 at 2.  Plaintiff contends that if the committee concluded that the incident should have been conducted as "a calculated use of force," the report is highly relevant and has the potential to lead to other admissible evidence.

As they responded to Plaintiff's prior motion to compel, Defendants counter that Plaintiff never specifically requested the report of the Institutional Use of Force Committee.  They further argue that Plaintiff has known about the existence of the report since it was disclosed in Lt. Callow's declaration in support of Defendant's summary judgment motion in September 2010, and that based on the content of Lt. Callow's declaration, the report is not reasonably calculated to lead to the discovery of further evidence.

6

As this Court stated in ordering Defendants to produce the appeal inquiry, "Plaintiff is entitled to information and evidence contained in the investigation into the incident which is the subject of this action." Doc. 211 at 6. Production of the report of the Institutional Use of Force Committee is no different. Once again, this Court will not entertain hypertechnical and quibbling attacks on the language used by a *pro se* plaintiff. Plaintiff's request for the "full context and nature of the staff response to Plaintiff's complaint, including videotaped use of force investigation pursuant to Corcoran O.P. No. 202 . . . . . and any directive, policy, or other document" was sufficiently clear and comprehensive to include the report of the Institutional Use of Force Committee. In plain and simple terms, the Committee's inquiry and ensuing report were indisputably a part of "context and nature of the staff response to Plaintiff's complaint, including videotaped use of force investigation."

Defendants argue that Plaintiff knew of the report and should have specifically requested it in response the Lt. Callow's declaration. In his declaration, Lt. Callow reported that he initially concluded that the staff did not violate CDCR policy by using O.C. pepper spray on Plaintiff during the June 7, 2008 incident. Doc. 46-11 at 3.

> However, on August 1, 2008, the Use of Force Committee investigated the incident and found that the staff's actions prior to the use of force was [*sic*] out of compliance with policy. The Committee determined that the officers were out of compliance because they did not retrieve a video camera when [Plaintiff] initially failed to obey Sgt. [Baer's] orders to stand up. Based on the Committee's determination, the staff complaint response was changed to "Staff did violate CDCR policy." The Committee never made the determination that the staff used excessive force against [Plaintiff].

Doc. 46-11 at 3.

In support of this statement, Lt. Callow attached only Plaintiff's administrative appeal and the institutional response. Doc. 46-11 at 3-4. He did not disclose the existence of the appeal inquiry or of a written report of the Institutional Use of Force Committee. Accordingly, the Court does not agree that Callow's declaration disclosed the existence of a written report.

///

7

Finally, Defendants argue that since the Institutional Use of Force Committee did not conclude that Defendants used excessive force in the June 7, 2008 incident, the report is not likely to lead to the discovery of further evidence. That the Committee focused on Defendants' failure to retrieve a video camera rather than the question of excessive force is not dispositive on that question. Presumably, the report includes more than the Committee's bare conclusion. The evidence the Committee considered in the course of its analysis and its incremental findings in the process of reaching its conclusion may well overlap with evidence and findings necessary to determining whether Defendants exercised reasonable force. This overlapping information is reasonably likely to lead to additional evidence relevant to Plaintiff's claims.

Plaintiff is entitled to production of information and evidence contained in the report of the Institutional Use of Force Committee regarding the June 7, 2008 incident. The Court will order Defendants to produce the report of the Institutional Use of Force Committee to Plaintiff within thirty days of this order.

Defendants have not asserted that report is confidential or that its production to Plaintiff is likely to create safety or security issues. If Defendants wish to assert concerns of confidentiality, safety, or security prior to producing the report to Plaintiff, they shall, within twenty days of this order, submit to the Court one unredacted copy of the report of the Institutional Use of Force Committee and one copy bearing their proposed redactions. The Court shall then review the report *in camera* to determine whether concerns of confidentiality, safety, or security exist, and if so, whether the report can be satisfactorily redacted for production to Plaintiff.

The Court has recently ordered extensions of the time in which Plaintiff may file a dispositive motion (Doc. 239) and in which Plaintiff may respond to Defendants' summary judgment motion (Doc. 237). As a result of this order, Plaintiff shall be granted an additional 45 days, in

///

addition to the extensions of time already ordered, in which to file a dispositive motion and in which to respond to Defendants' motion for summary judgment.

### Conclusion and Order

Based on the foregoing, the Court hereby GRANTS Plaintiff's motion for production of the report of the Institutional Use of Force Committee and ORDERS that:

1. Defendants shall produce the report of the Institutional Use of Force Committee to Plaintiff within thirty (30) days of this order;

2. In the event that Defendants assert that disclosure of the report of the Institutional Use of Force Committee presents concerns of safety, security, or confidentiality, within twenty (20) days of this order, Defendants shall provide to the Court for *in camera* review, one unredacted copy of the report of the Institutional Use of Force Committee and one copy bearing any proposed redactions;

3. The extension of time for Plaintiff's filing of a dispositive motion recently ordered in Doc. 239 shall be extended for an additional forty-five (45) days; and

4. The extension of time for Plaintiff's response to Defendants' motion for summary judgment recently ordered in Doc. 237 shall be extended for an additional forty-five (45) days.

**IT IS SO ORDERED.**

DATED: 1/28/2014                                /s/ SANDRA M. SNYDER
                                                UNITED STATES MAGISTRATE JUDGE