1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| BARRY LOUIS LAMON | Case No. 1:09-cv-00205-LJO-SMS  PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS |
| v. | |
| DERRAL ADAMS, et al., | (Doc. 245) |
| Defendants. | |

11
12
13
14
15
16

Plaintiff Barry Louis Lamon moves for terminating sanctions, claiming that "Defendants have engaged in pre-trial case evidence spoliation by intentionally destroying and for suppressing existing or previously existing evidence and deliberately omitting to create and/or develop[] non-existent evidence." Doc. 245 at 4.  Plaintiff adds a claim for Rule 11 sanctions against Defendants' attorney for her knowledge of Defendants' spoliation of evidence.  Defendants oppose the motion.

## I.     Spoliation of Evidence

Spoliation of evidence is defined as the "destruction or material alteration of evidence, or the failure to otherwise preserve evidence for another's use in litigation." *Surowiec v. Capital Title Agency, Inc.*, 790 F.Supp.2d 997, 1005 (D.Ariz. 2011).  Pursuant to its inherent power to control litigation, a district court may levy sanctions for a party's spoliation of evidence, including dismissing the action.  *Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (*internal citation omitted*).  "A party seeking sanctions for spoliation of evidence must prove the following

17
18
19
20
21
22
23
24
25
26
27
28

1

elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence." *Surowiec*, 790 F.Supp.2d at 1005 (*citation omitted*).

Although Plaintiff does not specifically list the items alleged to have been spoiled, the Court's review of his motion indicates five items that Defendants allegedly "spoiled": (1) the videotape of the June 7, 2008 incident that gave rise to the lawsuit; (2) the Incident Commander's Review/Critique Use of Force Form (Form 3010) regarding the incident; (3) a videotaped interview conducted with Plaintiff after he filed an administrative action following the incident; (4) various attachments required to be attached to the Institutional Use of Force Committee Report; and (5) Sgt. Battles' report of an interview regarding the incident.

### A.    <u>Videotape of Incident</u>

The nonexistent videotape of the June 7, 2008 incident in which Plaintiff alleges he was subjected to excessive force has been addressed multiple times since the inception of this case.  As early as his June 9, 2010 motion to compel (Doc. 39 at 11-12), Plaintiff sought production of the videotape that he maintained was required to be made as evidence of the extent of force used by institutional policies.  Defendants consistently maintained that no video had been made.  Doc. 41 at 12.  On November 2, 2010, the Magistrate Judge refused to order Defendants to produce a videotape that did not exist, whether or not policy required the creation of such a videotape, but provided for imposition of sanctions if the videotape was later located.  Doc. 55 at 9.

Despite this clear resolution of Defendants' failure to produce a videotape of the incident, Plaintiff has repeatedly revived this issue.  Doc. 103; Doc. 123; Doc. 209.  Since the Court has already addressed this issue and provided for the imposition of sanctions should a videotape later be located, this motion is duplicative, frivolous, and abusive of the Court and the Defendants.  As this Court has repeatedly stated, Plaintiff's dissatisfaction with the Court's rulings is not grounds for reconsideration.  *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Harvest v. Castro*, 531 F.3d 737, 748-49 (9th Cir. 2008).  Plaintiff's motion for further

sanctions against Defendants for their failure to produce a videotape of the June 7, 2008 incident is

denied.

### B.   Incident Commander's Review/Critique Use of Force Form (Form 3010)

Whether Plaintiff intended to include this item within his motion for sanctions is unclear.

The paragraph addressing it, which follows Plaintiff's discussion of administrative rules requiring

supervisory personnel to file Forms 3010, reads:

> In the instant case, Defendant Baer did not spoliate [*sic*] evidence collection prior
> to and during the actual use of force against me.  He also spoliated [*sic*] evidence
> collection and maintenance during the creation of the actual incident report.

Doc. 245 at 7.

A copy of the Form 3010 prepared by Defendant Baer was provided to Plaintiff as part of the

Institutional Use of Force Committee Report.  *See* Doc. 245 at 20-21.  Accordingly, to the extent that

Plaintiff intended to move for sanctions against Defendants for failure to produce Defendant Baer's

Form 3010, the motion is denied.

### C.   Videotaped Interview

Plaintiff alleges spoliation of a videotaped interview of Plaintiff himself, made following his

filing of an administrative grievance alleging that prison personnel used excessive force in the June

7, 2008 incident that gave rise to this action.  Both parties concede that no such videotape was ever

made.  Plaintiff contends that because Cal. Code Regs. tit. 15, §3268.1(d)(1) (2012) requires such a

videotaped interview, but no videotaped interview took place, the Court should impose sanctions for

spoliation.  He is incorrect.

Spoliation contemplates that the evidence was destroyed or lost.  In arguing that the

regulations imposed a duty to *create* evidence, Plaintiff's argument is tantamount to an action for

private enforcement of Cal. Code Regs. tit. 15, §3268.1(d)(1) (2012).  A violation of the regulations

does not provide a basis for a court's imposition of liability under either federal or state law.  A

violation of a state prison regulation cannot be redressed under § 1983, and the Court is unaware of

3

any authority for the proposition that a plaintiff has a private right of action to enforce a prison regulation.  *See Gonzaga University v. Doe*, 536 U.S. 273, 283-86 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy).  Plaintiff offers no authority recognizing such a right of private enforcement.

Nor can a Court issue sanctions based on a party's failure to create evidence.  *Paramount Pictures Corporation v. Replay TV*, 2002 WL 32151632 at *2 (C.D. Cal. May 30, 2002) (No. CV 01-9358 FMC (Ex)).  In requiring the production of documents and other tangible things "in the responding party's possession, custody, or control," Federal Rule of Civil Procedure 34(a)(1) contemplates only the production of existing items since something that does not exist cannot be possessed, held, or controlled.  "Rule 34 cannot be used to require the adverse party to prepare, or cause to be prepared, a writing to be produced for inspection, but it can only be used to require the production of things in existence."  *Soetaert v. Kansas City Coca Cola Bottling Co.*, 16 F.R.D. 1, 2 (W.D. Mo. 1954).  *See also Martinez v. Allison*, 2013 WL 1222037 at *6 (E.D. Cal. Mar. 25, 2013) (No. 1:11-cv-00293-LJO-DLB); *Ascom Hasler Mailing Systems, Inc. v. United States Postal Service*, 267 F.R.D. 1, 8 (D.D.C. 2010); *United States v. Purcell*, 667 F.Supp.2d 498, 519 (E.D. Pa. 2009); *Alexander v. F.B.I.*, 194 F.R.D. 305, 310 (D.D.C. 2000) (denying motion to compel production of a specific list in the absence of evidence that such a list existed).

The Court denies Plaintiff's motion for sanctions against Defendants based on their "spoliation" of videotape that admittedly never existed.

### D.    <u>Missing Appendices to Plaintiff's Inmate Appeal (Form 602)</u>

Plaintiff contends that although Defendants produced the requested documents produced in the course of his inmate appeal, the copy provided did not include attachments A, B, C, D, and F, which O.P. No. 439. VIII. required to be attached to the report of an appeal.

Defendants respond that attachment C was produced to Plaintiff. Attachments D and F were

listed as privileged on the privilege log attached to Defendant's Supplemental Responses to Requests for Production (Doc. 251-1 at 4-14): Plaintiff never challenged the characterization of those exhibits as privileged.  Finally, the California Department of Corrections and Rehabilitation (CDCR) never provided attachments A or B to Defendants.  CDCR declined to provide these attachments to Defendants, maintaining that they are internal documents relating to processing of the appeal and that they contain no substantive information relating to the 602 proceeding. According to Defendants, attachment A is a form completed by the hiring authority to designate how the proceeding is to be assigned for review.  Attachment B is a routing sheet for the first level or review. Defendants deny any willfulness or bad faith in failing to produce attachments A and B.  They add that Plaintiff never previously requested attachments A or B, nor brought a motion to compel their production.

Although Plaintiff's requests for documentation of the 602 proceeding arguably included the missing attachments A, B, D, and F, Plaintiff has never previously suggested that the attachments were missing, specifically requested their production, or moved to compel their production.  Plaintiff does not argue that the omission was intentional or in bad faith, but argues that he is entitled to the missing attachments since the provisions of O.P. No. 439. VIII. require them.  As discussed above, Plaintiff has no private right to enforce the provisions of CDCR's operating procedures.

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991).  Because of their potency, however, a court must exercise those powers with restraint and discretion.  *Id.* at 44.  To be sanctionable, the conduct must have constituted, or have been tantamount to, bad faith.  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *Miller v. Los Angeles*, 661 F.3d 1024, 1026 (9th Cir. 2011); *Gomez v. Vernon*, 255 F.3d 118, 1134 (9th Cir. 2001); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001).  The extreme sanction of dismissal is warranted only when a party has deliberately engaged in deceptive behavior that undermines the integrity of judicial practice.  *Anheuser-Busch, Inc. v. Natural*

*Beverage Dist.*, 69 F.3d 337, 348 (9th Cir. 1995); *Leon*, 464 F.3d at 958.

In light of Plaintiff's failure to have alerted Defendants or the Court to the missing attachments before bringing this motion and to have previously brought a motion to compel production of these attachments, the Court declines to impose sanctions with regard to the missing attachments.  Plaintiff received attachment C.  He should have been aware of the existence of attachments D and F since these were included within the privilege log long ago provided to him. By logical extension, Plaintiff should also have recognized that, given the existence of attachments C, D, and F, attachments A and B likely existed and were omitted from the document.

Nor does Plaintiff allege facts supporting a conclusion that Defendants maliciously and intentionally withheld attachments A and B.  In the absence of factual support for Plaintiff's allegations of malice and fraud, any specific request for their production, or any motion to compel their production,  imposition of sanctions for failure to produce attachments A and B would be inappropriate.

Plaintiff's motion for sanctions for failure to provide attachments A, B, C, D, and F to the 602 proceedings is denied.

**E.     Sgt. Battles' Report**

Citing Lt. Callow's declaration that he resolved the incident report based on a report prepared by Sgt. Battles, Plaintiff contends that since Defendants never produced Sgt. Battles' report, they must have fraudulently destroyed it.  Defendants explain that Plaintiff has misunderstood Lt. Callow's declaration, in which Lt. Callow stated that Sgt. Battles conducted the interviews for Plaintiff's staff complaint while Lt. Callow was on vacation.  Because Sgt. Battles was precluded from completing paperwork on another staff member of the same rank, he prepared a written report for Lt. Callow to review and sign upon his return.  As a result, no report signed by Sgt. Battles ever existed: His report is the report that was ultimately signed by Lt. Callow.

The Court agrees with Defendants' position that Plaintiff has misunderstood the

circumstances of Sgt. Battle's investigation and preparation of a report to be signed by Lt. Callow. The Court has read Lt. Callow's declaration multiple times as this case has proceeded.  Its understanding of the declaration has always been the same as Defendant's explanation.

The Court declines to impose sanctions for spoliation of Sgt. Battle's report.

## II.      Allegations of Attorney Misconduct

Plaintiff also moves for the imposition of Rule 11sanctions on Defendants' attorney.  Plaintiff asserts that Defendants' attorney was aware of Defendants' spoliation of evidence and that she failed to produce the Institutional Use of Force Committee Report since the document produced "makes no mention about Sergeant Battles, no mention of Callow, no mention of any Committee, nor does it provide the Plaintiff or the Court with anything but the extraordinarily-suspect review/critique that Defendant Baer prepared on his own use of force." Doc. 245 at 13.  Plaintiff includes no factual allegations to support his attack of Defendants' attorney.

Since the Court finds that Defendants did not destroy evidence as alleged by Plaintiff in this motion, no factual basis exists to sanction defense counsel.  In any event, Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." F.R.Civ.P. 11(d).  Accordingly, the Court denies the motion for Rule 11 sanctions.

## IV.     Conclusion and Order

The Court hereby DENIES Plaintiff's motion for the imposition of discovery sanctions against Defendants and Rule 11 sanctions against their attorney.

IT IS SO ORDERED.

Dated:   __April 22, 2015__                          _____/s/ Sandra M. Snyder_____
                                                                        UNITED STATES MAGISTRATE JUDGE