# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>        Plaintiff,<br><br>   v.<br><br>DERRAL ADAMS, et al.,<br><br>        Defendants. | Case No. 1:09-cv-00205-LJO-SMS PC<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR 30 DAY EXTENSION OF TIME TO FILE TRIAL PREPAREDNESS STATEMENT<br>(Doc. 281)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER FOR CSP-SACRAMENTO PRISON OFFICIALS TO EXPLAIN PLAINTIFF'S CONTINUED RETENTION DUE TO LACK OF JURISDICTION<br>(Doc. 284) |

On August 11, 2015, the Court notified the parties of Judge O'Neill's impacted trial calendar and directed the parties to file statements of their preparedness for trial. (Doc. 279.)

On August 24, 2015, Plaintiff filed a motion for a thirty day extension of time to file his trial preparedness statement. (Doc. 281.) In his motion, Plaintiff explained that, in order to attend the settlement conference, Plaintiff was transferred to CSP-Sacramento from California Correctional Institution ("CCI") in Tehachapi, California. (*Id.*) Unfortunately, his legal property and documents were left at CCI and were not transported with Plaintiff to CSP-Sac and he needs those documents to generate his trial preparedness statement. (*Id.*)

On August 26, 2015, Plaintiff filed a motion indicating that he is still at CSP-Sac and

1

seeks an explanation why he has not been transferred back to CCI. (Doc. 284.) Plaintiff indicates that he has submitted five requests to prison staff be returned to CCI to no avail. (*Id.*)

The pendency of this action does not give the Court jurisdiction over prison officials in general or over prison staff wherever Plaintiff may be held. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969. Further, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion for an explanation as to why he remains at CSP-Sac must be denied for lack of jurisdiction.

Accordingly, it is HEREBY ORDERED, that:

1. Plaintiff's motion for a thirty day extension of time to file his trial preparedness statement, filed on August 24, 2015 (Doc. 281), is GRANTED,
2. Plaintiff must file his trial preparedness statement on or before October 3, 2015;
3. Plaintiff's motion for an explanation for his retention at CSP-Sacramento, filed on August 26, 2015 (Doc. 284), is DENIED for lack of jurisdiction;
4. The assistance of the Wardens and Litigation Coordinators at CSP-Sacramento and CSP-Corcoran are requested to facilitate Plaintiff's access to his legal property left at CSP-Sacramento; and
5. The Clerk's Office is ordered to forward copies of this order to the Wardens and Litigation Coordinators at CSP-Sacrament and CSP-Corcoran.

IT IS SO ORDERED.

Dated:   **September 3, 2015**              /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE

2