# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, <br><br> Plaintiff, <br><br> v. <br><br> DERAL G. ADAMS, et al., <br><br> Defendants. | Case No. 1:09-cv-00205-LJO-JLT PC <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES <br><br> (Doc. 294) |

　　　　Plaintiff is proceeding on his excessive force claim against Defendants Sergeants Baer, Bueno, and Valdez and Correctional Officers Lee, Ponce, and Purvis in his Complaint. In his current motion, Plaintiff's requests that the CDCR transport inmates Dean Drake (#J96063), Kevin Fields (#P83425), Shanon Bell (#K21704), and Anthony Mack (#C90604) to testify at trial. (Doc. 294.) Because Planitiff fails to show that the proposed witnesses have actual knowledge of relevant facts, his motion for attendance of those inmates at trial, is **DENIED**

## I. Factual Background

　　　　In his verified Complaint, Plaintiff admits that in the evening on June 7, 2008, he declined to accept his court ordered psychiatric medication in order to require an officer be summoned so he could make a complaint about the quality of the evening's meal. (Doc. 1, at ¶ 35.) Shortly

thereafter, Defendants Valdez, Buenos, and Baer arrived at Plaintiff's cell.[1]  (*Id.*)  Baer stated that he was the acting lieutenant.  *Id.* at ¶ 36.  He indicated that he was aware that Plaintiff previously used his medication to raise complaints about meals and warned Plaintiff that he was not going to tolerate this.  (*Id.*)  Baer warned Plaintiff that he had two minutes to "cuff up and come out of this cell and take your meds," otherwise he was going to "put a couple of cans of pepper spray in their [sic] on you and your cellmates' ass.  When you do come out, your legal property and other stuff is gone for ninety days."  (*Id.*)  After realizing his efforts to complain about his meals would be futile, Plaintiff told the officers he would be willing to take his medication.  (*Id.* at ¶ 37.)  However, when Plaintiff exited the cell, Baer ordered the other officers to escort him to the Acute Care Hospital ("ACH") so that the medication could be administered intravenously.  (*Id.*)

After exiting the building, Plaintiff overheard Baer, Valdez, and Buenos give orders for Plaintiff's property to be moved to another cell.  (*Id.* at ¶38.)  Believing that he was being "tricked," Plaintiff lay on the ground, face down and with both hands shackled behind his back, and refused to go any farther.  (*Id.*)  Plaintiff reiterated his willingness to swallow the drugs.  (*Id.*)  Valdez then ordered an unidentified officer to bring over a wheelchair and ordered Plaintiff to get into it.  (*Id.* at ¶ 39.)  When Plaintiff refused, he claims all of the officers "piled onto" his "back, legs, shoulders and head with their full bodyweight and pummeled him with fists feet and knees" (*id.* at ¶ 40), and pepper sprayed his face, ear, and head at point blank range (*id.* at ¶ 41.)  At all times during these events, Plaintiff alleges he remained "prone" on the ground with his hands shackled behind his back and did not "kick, spit, or, in any other way, lash out."  (*Id.*)

Notably, the excessive force allegations, upon which this action is proceeding, occurred outside of the housing unit.  This is the only claim which remains in this action.  (*See* Doc. 268, O re MSJ.)

**II.  <u>Discussion and Analysis</u>**

In determining whether to grant Plaintiff's motions for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will

---

[1] It is unclear whether Plaintiff alleges Defendants Lee, Ponce, and Purvis were already at his cell or responded at some point before and/or during the events in question.  (*Id.*)

2

substantially further resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Plaintiff must show that the anticipated testimony of each inmate he desires to call as a witness will substantially further resolution of the case, which as stated in the Second Scheduling Order, requires showing the inmate is willing to testify and has actual knowledge of relevant facts. (Doc. 282, p. 2.)  This can be shown by filing a declaration, either by Plaintiff or the prospective witness, that is "specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred at the time it occurred." (*Id.*, at p. 3.)

Plaintiff submitted a declaration with his motion that indicates the information he expects to elicit out of each of his desired incarcerated witnesses. (Doc. 294, pp. 4-8.)  However, Plaintiff's motion must be denied as he fails to show that any of his prospective witnesses have actual knowledge of relevant facts, i.e. the events which Plaintiff alleged that stated a cognizable claim for excessive force which occurred outside of the housing unit on June 7, 2008.

**A. Dean Drake (#J96063)**

In his declaration, Plaintiff states that on June 7, 2008, Mr. Drake was housed in a cell near Plaintiff's, in the same building. (Doc. 294, pp. 4-5.)  However, though Plaintiff attests that, upon Plaintiff's return to the building, Mr. Drake told him that he had seen and recalled the June 7th incident, the events that Mr. Drake told Plaintiff he visualized all pertain to the initial removal of Plaintiff from his cell (both his person and property) by the Defendants -- not the events that occurred outside the building during the escort. (*Id.*, at p. 5.)  Thus, Plaintiff fails to show that Mr. Drake has actual knowledge of relevant facts.

### B. Kevin Fields (#P83425)

Plaintiff's declaration states that Mr. Fields was likewise housed in the same building as Plaintiff on June 7, 2008, that they shared the same exercise yard group, and were friends. (*Id.*, at p. 5.) Plaintiff declares that he encountered Mr. Fields in the law library sometime after the June 7th incident. (*Id.*, at pp. 5-6.) At that time, Mr. Fields told Plaintiff that he saw Defendants and a nurse escort someone from the building on June 7th, but he was not sure whether Plaintiff was the inmate being escorted because the prison staff obscured his view of the inmate. (*Id.*, at p. 6.) Mr. Fields asked Defendants Ponce and Purvis if the inmate was Plaintiff to which they responded in the affirmative and told him Plaintiff had been moved "next door." (*Id.*) This fails to show that inmate Fields has actual knowledge of relevant facts.

### C. Anthony Mack (#C90604)

Plaintiff states in his declaration that, on June 7, 2008, Mr. Mack was housed in Section C of Building 4ALeft. (*Id.*, at p. 6.) The evening of June 7th, after the events at issue in this case, Plaintiff was placed in a cell that was "directly above and two cells down" from Mr. Mack's cell. (*Id.*) Within seven days of the move, Plaintiff met Mr. Mack. (*Id.*) Over the next few months, Plaintiff learned that Mr. Mack saw Defendants Lee and Purvis place Plaintiff in the cell near Mr. Mack's (in the reflection in the window of the gun tower which was just like a mirror and allowed him to see the events at Plaintiff's cell and the entire second floor and from the view from his cell door of the bottom and second tiers) and that he clearly heard what was said. (*Id.*, at p. 7.) Mr. Mack told Plaintiff that he heard Plaintiff complain about being placed in a stripped cell and that he heard Defendants Purvis and Lee state that Defendants Baer and Bueno had ordered it. (*Id.*) This does not show that inmate Mack has actual knowledge of relevant facts.

### D. Shanon Bell (#K21704)

Plaintiff's declaration shows that Mr. Bell was not housed in the same building until more than two months after the events in question in this action (August 15, 2008). (*Id.*) Plaintiff's attestation that Mr. Bell has knowledge that Plaintiff was not attending yard time because Defendants Baer and Bueno had instructed several members of the Crips gang to attack Plaintiff. This might be relevant if Plaintiff were still proceeding on a retaliation claim; he is not. These

4

events are not relevant to the only claim that remains in this action -- excessive force related to the incident that occurred during an escort of Plaintiff on the evening of June 7, 2008, outside of the building.  Thus, Plaintiff fails to show that inmate Bell has actual knowledge of relevant facts to be allowed to attend and testify at the trial of this action.

### III.  Order

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for attendance of incarcerated witnesses at the trial of this matter, filed on October 23, 2015 (Doc. 294), is **DENIED**.

IT IS SO ORDERED.

Dated:   **December 9, 2015**            /s/ Jennifer L. Thurston
                                                             UNITED STATES MAGISTRATE JUDGE