**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY LOUIS LAMON, | Case No.: 1:09-cv-00205-LJO-JLT (PC) |
| Plaintiff, | **ORDER SETTING SETTLEMENT CONFERENCE** |
| v. | |
| ADAMS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.  On August 4, 2015, parties participated in a settlement conference before Magistrate Judge Kendall J. Newman.  The case did not settle. (Doc. 278.)  On February 8, 2016, Plaintiff filed a document indicating a willingness to settle this action and to apply whatever settlement proceeds are paid to his restitution obligations.  (Doc. 319.)  The Court ordered Defendants to respond indicating whether they believe a settlement conference would be fruitful.  (Doc. 320.)  On February 16, 2016, Defendants filed a notice stating they believe a settlement conference would be beneficial to resolving the action.  (Doc. 322.)  Therefore, this case will be set for a settlement conference at Kern Valley State Prison (KVSP), 3000 West Cecil Avenue, Delano, California 93216 on March 21, 2016 at 1:00 p.m. The settlement conference will be conducted by Magistrate Judge Thurston.  **If any party prefers that the settlement conference be conducted by a judicial officer who is not normally**

1    **assigned to this case, that party is directed to notify the Court immediately** to allow sufficient

2    time for the settlement conference to be reassigned to a different judge on a different day.

3              In accordance with the above, the Court **ORDERS**:

4         1.   This case is set for a settlement conference on March 21, 2016 at 1:00 p.m. at Kern

5              Valley State Prison (KVSP), 3000 West Cecil Avenue, Delano, California 93216

6              before the undersigned.

7         2.   A representative with full and unlimited authority to negotiate and enter into a binding

8              settlement shall attend in person.[1]

9         3.   Those in attendance must be prepared to discuss the claims, defenses and damages.

10             The failure of any counsel, party or authorized person subject to this order to appear in

11             person may result in the imposition of sanctions.  In addition, the conference will not

12             proceed and will be reset to another date.

13        4.   **No later than March 4, 2016**, Plaintiff **SHALL** submit to Defendant, by mail, a

14             written itemization of damages and a meaningful settlement demand, which includes a

15             brief explanation of why such a settlement is appropriate, not to exceed ten pages in

16             length.  Thereafter, **no later than March 11, 2016**, Defendant **SHALL** respond, by

17             telephone or in person, with an acceptance of the offer or with a meaningful

18             counteroffer, which includes a brief explanation of why such a settlement is

19             appropriate.  If settlement is achieved, defense counsel is to immediately inform the

20             Courtroom Deputy of Magistrate Judge Thurston.

21
_____

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the

22   authority to order parties, including the federal government, to participate in mandatory settlement
     conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051,

23   1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory
     settlement conference[s]."). The term "full authority to settle" means that the individuals attending the

24   mediation conference must be authorized to fully explore settlement options and to agree at that time to any
     settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648,

25   653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).
     The individual with full authority to settle must also have "unfettered discretion and authority" to change the

26   settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz.
     2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The

27   purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of
     the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to

28   settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full
     authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

5. If settlement is not achieved informally, each party is directed to submit confidential settlement statements no later than March 14, 2016 to jltorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement to U. S. District Court, ADR Director, 501 I Street, Suite 4-200, Sacramento, California 95814 so it arrives no later than March 14, 2016.  If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).  Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

Settlement statements **should not be filed** with the Clerk of the court **nor served on any other party**.  Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

a.  A brief statement of the facts of the case.

b.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

c.  A summary of the proceedings to date.

d.  An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

e.  The relief sought.

f.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

g.  A brief statement of each party's expectations and goals for the settlement conference.

///

///

3

6.  The Clerk of the Court is DIRECTED to serve a copy of this order on the litigation office at Kern Valley State Prison via facsimile at (661) 720-4949.

IT IS SO ORDERED.

Dated:   **February 17, 2016**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

4