UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>       Plaintiff,<br><br>    v.<br><br>ADAMS, et al.,<br><br>       Defendants. | Case No.: 1:09-cv-00205-LJO-JLT (PC)<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION REQUESTING ACCESS TO CASE FILES AND LEGAL MATERIALS FOR LACK OF JURISDICTION**<br><br>(Doc. 307, 315, 317, 319) |

       On February 3, 2016, the Court issued Findings and Recommendations to deny Plaintiff's motion for temporary restraining order or preliminary injunction. The motion contained claims that prison personnel at CCI, Tehachapi were tainting his food and coercing other inmates to threaten death or grievous bodily harm against him. Also, he claimed that personnel at Kern Valley State Prison were tainting his food and placing him on yards with prison gang members in an effort to cause them to inflict great bodily harm on him. (*See* Docs. 307, 315, 317.) Plaintiff did not object.

       At the telephonic trial confirmation hearing, Plaintiff consented to magistrate judge jurisdiction and the case was thereafter reassigned for all purposes.[1] Thus, the Findings and Recommendations that issued on February 3, 2016 is **WITHDRAWN** and, for the reasons stated previously, Plaintiff's motions (Docs. 307, 315) are **DENIED**.

---

[1] Defendants previously consented to magistrate judge jurisdiction. (*See* Doc. 297.)

1

In his motion, Plaintiff generally asserts that prison staff at all of the facilities he is transferred to are aware of his litigious activities and, as a result, want to do him harm. (Doc. 307) Plaintiff also grieves that, when he was transferred from CCI to KVSP, he was not allowed to take his case files and asserts that this has rendered him unable to respond to any orders from this court. (*Id.*)

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Regardless, the pendency of this action does not give the Court jurisdiction over prison officials in general or over every prison facility in the state of California. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims in this action. *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969.

Plaintiff does not seek the temporary restraining order and/or preliminary injunction against any of the Defendants who remain in this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied for lack of jurisdiction over prison personnel at CCI and KVSP. (*See* Doc. 287.)

This action cannot provide redress for the fears Plaintiff has regarding his safety at various prison facilities. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of Plaintiff's accusations concerning his safety cannot, and do not, overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04

("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")  This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.

Further, while this Court also lacks jurisdiction over officials at the various prison facilities where Plaintiff has been housed, the last order issued addressing Plaintiff's difficulty in accessing his legal property was forwarded to the Wardens and Litigation Coordinators at CSP- Corcoran, CSP-Sacramento, and CCI and their assistance was requested in locating Plaintiff's legal property.  (Doc. 309).  The Court received responses, indicating that approximately nine boxes of Plaintiff's legal property were located and forwarded to KVSP (where Plaintiff is currently housed).  (*See* Docs. 312, 313, 316)  As to Plaintiff's physical property, described in the notice Plaintiff filed on February 5, 2016 (Doc. 319), defense counsel has indicated willingness to continuing efforts to ascertain its whereabouts.

Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations that issued on February 3, 2016 (Doc. 317) is **WITHDRAWN**;

2. Plaintiff's motion for temporary restraining order or preliminary injunction, filed January 5, 2016 (Doc. 307), is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 10, 2016**                     **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE