# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LAMON,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAMS, et al.,<br><br>    Defendants. | Case No.  1:09-cv-00205-JLT PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT FROM SETTLEMENT AGREEMENT AND FOR RELIEF FROM JUDGMENT, WITH PREJUDICE, FOR LACK OF JURISDICTION<br><br>(Doc. 332) |

## I.     Procedural History

On March 17, 2016, the parties filed a fully executed stipulation for voluntary dismissal of this action with prejudice. (Doc. 330.) Accordingly, the Court dismissed the action pursuant to that stipulation and closed the case, the next day. (Doc. 331.) Approximately a week later, Plaintiff filed a notice of withdrawal of his consent to the terms of the settlement in which he moved to stay entry of final judgment in this action until the terms of the settlement are met. (Doc. 332.) The Court ordered the Defendants to file a response. (Docs. 333, 334.) The motion is deemed submitted. Local Rule 230(*l*).  Given that this matter has been dismissed, the Court lacks jurisdiction and Plaintiff motion is **DENIED**.

## II.    Discussion and Order

In his motion, Plaintiff asserts that on March 11, 2016, in settlement of the matter, he was escorted to the "confiscated inmate property room" where he was permitted to view and select

1  various items. (Doc. 332, p. 2.) On March 15, 2016, the KVSP Litigation Coordinator appeared
2  at the door of Plaintiff's cell with a box that was taped shut and instructed Plaintiff to sign the
3  stipulation and settlement papers before he would be allowed to receive the box of items he had
4  selected. (*Id.*, at p. 3.) When Plaintiff asked to be allowed to inspect the items in the box, the
5  Litigation Coordinator told Plaintiff that it contained the items he had selected, that he did not
6  have time for Plaintiff to inspect the contents of the box, and inquired whether Plaintiff was going
7  to accept the offer. (*Id.*) Plaintiff signed the documents and received the box without first
8  inspecting its contents. (*Id.*) When Plaintiff inspected the box, he discovered that various items
9  he had selected were missing, that the typewriter he had chosen was inoperable, and that none of
10 the items had been inscribed with his name[1] per CDCR and KVSP policy to prevent their
11 confiscation as contraband. (*Id.*) Despite Plaintiff's repeated efforts, the above has not been
12 rectified. (*Id.*, at p. 4.) Plaintiff asserts that these actions by KVSP personnel amount to fraud and
13 render the settlement agreement void and unenforceable.

14    On the other hand, Defendants report that the Litigation Coordinator, Mr. Hancock,
15 personally delivered the items Plaintiff selected. Mr. Hancock attests that he presented Mr.
16 Lamon the items he selected and, indeed, Mr. Lamon acknowledged in writing that he received the
17 items selected. (Doc. 334 at 4, 15) Mr. Hancock notes that the typewriter, which Mr. Lamon
18 describes as "inoperable," only lacks a "printwheel or ribbon cartridge," which are "consumable
19 items akin to toner in a printer. Id. at 16. Thus, Mr. Lamon merely needs to purchase a
20 replacement and, in fact, will need to do this over the life of the typewriter. Id. On the other hand,
21 Mr. Hancock acknowledges that the items should have been inscribed with Mr. Lamon's name
22 and he will ensure that this occurs. Id. at 16.

23    Notably, after receiving his items, Mr. Lamon contacted counsel for Defendants. (Doc.
24 334 at 19-22) In this letter, Plaintiff complains only that the items were not inscribed with his
25 name and that he had not received a full copy of the settlement agreement. Id. He does not
26 complain about missing items or about the condition of the typewriter. Id.
27 ///

---

[1] Plaintiff further indicates that a number of items retained other inmates' names and inmate numbers.

### A. Jurisdiction

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute, and it is presumed that a cause lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378, 114 S.Ct. 1673 (1994) (quotation marks and citations omitted). The enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and it requires its own basis for jurisdiction. *Kokkonen*, 511 U.S. at 378 (quotation marks omitted). A court may exercise ancillary jurisdiction to enforce a settlement agreement only where the settlement order incorporates the settlement terms, or retention jurisdiction is express. *Kokkonen*, 511 U.S. at 378; *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007); *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87-88 (9th Cir. 1997); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995). Where, as here, neither of these basis exist, jurisdiction is lacking.

The settlement agreement (Doc. 334, pp. 7-11), the stipulation filed by the parties (Doc. 330), and the order thereon (Doc. 331) are all silent as to this Court's jurisdiction over the settlement. In fact, the settlement agreement explicitly states, "the terms, conditions, and provisions of this agreement are governed by and interpreted under California state law." Accordingly, the Court lacks ancillary jurisdiction over Plaintiff's motion both for relief from and enforcement of the settlement. *Alvarado*, 509 F.3d at 1017.

Based on the foregoing, the Court lacks jurisdiction over disputes pertaining to the settlement agreement and Plaintiff's motion must be denied, with prejudice. This action is simply not the proper vehicle for conveyance of relief Plaintiff seeks, though he is not precluded from seeking relief in the proper forum. This case shall remain closed.

### B. Fraud

Plaintiff asserts that his agreement to the settlement was induced by fraud under Rule 60(b)(3). Indeed, "[c]ourts have inherent equity power to vacate judgments obtained by fraud." *Hendricks & Lewis PLLC, v. Clinton*, 766 F.3d 991, 1000 (9th Cir. 2014) quoting *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123 (1991)); *see also Dixon v. Comm'r*, 316 F.3d 1041, 1046 (9th Cir.2003)

("Courts possess the inherent power to vacate or amend a judgment obtained by fraud on the court."). This power should be exercised "with restraint and discretion," *Chambers*, 501 U.S. at 44, 111 S.Ct. 2123, and only when the fraud is established "by clear and convincing evidence," *England v. Doyle*, 281 F.2d 304, 310 (9th Cir.1960).

However, "not all fraud is fraud on the court." *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct "prejudiced the opposing party," but whether it " 'harm[ed]' the integrity of the judicial process." *Hendricks*, 766 F.3d at 444, quoting *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir.1989). Fraud on the court involves "far more than an injury to a single litigant." *Id.*, quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246, 64 S.Ct. 997 (1976). One asserting fraud as a basis to void a judgment must show that the complained of act prevented "the judicial process from functioning in the usual manner." *Hendricks*, 766 F.3d at 445. Mere non-disclosure of evidence is typically not enough to constitute fraud on the court so as to warrant vacating a judgment. *Id.* Even perjury by a party or witness by itself, is not normally fraud on the court. *Id.*

Plaintiff's assertions pertaining to compliance/non-compliance with the terms of the settlement arrived at in this action do not amount to a fraud on the court to justify relief from the judgment entered. Rather, they raise construction and enforcement issues pertaining to the settlement agreement, which is "governed by principles of local law which apply to interpretation of contracts generally." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir.1992).

### C. Void Judgment

Plaintiff also asserts that resolution of this action is void under Rule 60(b)(4). However, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard (such as on entry of default). *See United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (C.A.1 1990); Moore's § 60.44[1][a]; 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2862, p. 331 (2d ed.1995 and Supp.2009); cf.

4

*Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 376, 60 S.Ct. 317 (1940); *Stoll v. Gottlieb*, 305 U.S. 165, 171-172, 59 S.Ct. 134 (1938). A judgment is not void simply because it is erroneous or may have been erroneously obtained. *Hoult v. Hoult*, 57 F.3d 1, 6 (C.A.1 1995); 12 J. Moore et al., Moore's Federal Practice § 60.44[1][a], pp. 60–150 to 60–151 (3d ed.2007) (hereinafter Moore's). Thus, Plaintiff has not alleged facts to show that the dismissal of this action is void.

    Accordingly, based on the foregoing, the Court **ORDERS** that Plaintiff's motion to withdraw consent to the settlement and to stay final judgment until the settlement terms are met, filed on March 25, 2016 (Doc. 332), is **DENIED**, with prejudice.

IT IS SO ORDERED.

    Dated:   **April 7, 2016**　　　　　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE