# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LAMON,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAMS, et al.,<br><br>    Defendants | Case No. 1:09-cv-00205-JLT PC<br><br>ORDER ON PLAINTIFF'S MOTION TO ENFORCE STIPULATION FOR DISMISSAL<br><br>(Doc. 338) |

On March 17, 2016, the parties filed a fully executed stipulation for voluntary dismissal of this action with prejudice. (Doc. 330.) The Court issued an order dismissing the action pursuant to that stipulation the next day. (Doc. 331.) Over two years later, on April 9, 2018, Plaintiff filed a motion to enforce the stipulation indicating that he had not received the monetary payment agreed to under the stipulation. (Doc. 338.)

Defendants filed a response, attaching the executed stipulation and indicating that though Plaintiff executed and returned all of the required paperwork to defense counsel, which was relayed to the CDCR, for unbeknownst reasons, the payment has not been made. (Doc. 340.) On April 11, 2018, upon confirmation that Plaintiff had not been paid, defense counsel resubmitted the matter to the CDCR and requested expedited payment. (*Id.*) Defense counsel apologized on behalf of the defendants, counsel, and the CDCR, but indicates that Plaintiff has not been prejudiced by the delay since the $2,000 payment agreed to under the stipulation will be applied to

Plaintiff's current restitution amount of approximately $16,000. (*Id.*)

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute, and it is presumed that a cause lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994) (quotation marks and citations omitted). The enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and it requires its own basis for jurisdiction. *Kokkonen*, 511 U.S. at 378 (quotation marks omitted). A court may retain jurisdiction to enforce a settlement agreement, but that retention must be express. *Kokkonen*, 511 U.S. at 378; *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007); *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87-88 (9th Cir. 1997); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995). Furthermore, the party seeking enforcement of the settlement agreement must allege a violation of the settlement agreement in order to establish ancillary jurisdiction. *Alvarado*, 509 F.3d at 1017.

Plaintiff accurately alleges violation of the settlement agreement by the CDCR's lack of monetary payment[1] under the terms of the stipulation. However, the settlement agreement and release does not contain any indication, implied or express, that the parties intended this court to retain enforcement jurisdiction. Thus, this Court lacks jurisdiction to enforce the settlement entered in this action.[2]

Based on the foregoing, the Court **ORDERS** that Plaintiff's motion to enforce the settlement stipulation, filed on April 9, 2018 (Doc. 338), is **DENIED** for lack of jurisdiction. **<u>No further filings will be accepted in this case.</u>**

IT IS SO ORDERED.

   Dated: __May 1, 2018__             __/s/ Jennifer L. Thurston__
                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that a number of property items were also involved in the settlement. (Doc. 340, pp. 5-9.) However, Plaintiff does not contend that he did not receive the items promised under the stipulation. (*See* Doc. 338.)

[2] However, the Court appreciates defense counsel's response to Plaintiff's motion and their request that payment be expedited to Plaintiff's inmate trust account to resolve this issue.